Ada M. Kadlecik, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 28, 1983, to Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Samuel J. Pasquarelli, Jubelirer, Pass & Intrieri, P.C.*, for petitioner.

*John T. Kupchinsky*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, July 7, 1983:

The claimant, Ada M. Kadlecik, appeals an order of the Unemployment Compensation Board of Review (Board) denying her unemployment benefits for voluntarily leaving her employment without cause of a com-

pelling and necessitous nature, as required under Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b) (Law).

Claimant, a native of Kentucky, working in McKees Rocks, Pennsylvania with her husband, who was a native of McKees Rocks, prevailed upon her husband to obtain employment in Kentucky in the hope that this would alleviate marital problems arising out of his extramarital activities in McKees Rocks. She left with him, voluntarily terminating her employment in McKees Rocks, Pennsylvania, on February 14, 1979. For this unemployment she is pursuing a claim for benefits which is the subject of these proceedings. Because of circumstances of employment, claimant and her husband returned to McKees Rocks where they continued to own their home, which they rented while in Kentucky. Claimant and her husband are reemployed, claimant having returned to work for the employer she left in 1979.

Unemployment benefits were denied by a referee and by the Board, ineligibility based upon Section 402(b)(1) of the Law.[1] Claimant's contention here is that the Board erred in denying benefits (1) by con-

---

[1] The present appeal is before this Court after a prior remand order by this Court directing the Board to take additional testimony so that the Board could reconsider this case under Section 402(b) of the law. The Board had previously denied benefits to the claimant under Section 402(b)(2)(I) of the law, but thereafter agreed with claimant's counsel to consider this case under 402(b), as the constitutionality of Section 402(b)(2)(I) was being challenged during the pendency of the claimant's action. It should be noted that this Court (by divided vote) declared unconstitutional Part (II), and, in effect, also Part (I), *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978), after which Section 402(b)(2) was eliminated by amendment in 1980, leaving only Section 402(b). Act of July 10, 1980, P.L. 521.

cluding that she did not have compelling and necessitous reasons for leaving her employment and (2) Section 402(b)(2)(I), 43 P.S. 802(b)(2)(I), is unconstitutional. The latter issue was admittedly not addressed by the Unemployment Compensation Board of Review.[2]

Before addressing the issue as to whether or not the claimant is entitled to benefits, we must first note that causes related to marital, filial, and domestic obligations have received vacillating attention from our Legislature. From the conception of the Unemployment Compensation Law in 1937, Section 402(b) has been changed and amended numerous times, with each change reflecting a change in the view of the Legislature as to how family obligations should be treated in relation to a person's right to unemployment benefits. *See Savage Unemployment Compensation Case*, 401 Pa. 501, 165 A.2d 374 (1960), and most recently, *Kleban v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 540, 459 A.2d 53 (1983).[3]

---

[2] Since the Board's final decision is solely under Section 402(b)(1), the validity of the now repealed provisions of Section 402(b)(2) need not be considered. In fact, even if we are required to decide this case under the statutory provisions in effect at the time when claimant left her employment in 1979, as we will point out, the result will be the same.

[3] Judge CRAIG in *Kleban* presents a clear and comprehensive legislative history of Section 402(b). A version of Section 402(b)(2), which was in effect when claimant quit her job, the 1959 version, provides:

> An employee shall be ineligible for compensation for any week ... (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature ... (2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstances....

In May, 1979, the unemployment compensation referee, affirmed by the Board, disallowed benefits, noting that his decision was made under the provision of Section 402(b)(2)(I). On appeal, at the request of the Board, however, this Court by Order dated April 14, 1981, directed that the case be

> remanded to the Unemployment Compensation Board of Review for the purpose of taking additional testimony and reconsidering its decision in the case of Ada M. Kadlecik, and thereafter to issue a new decision as it shall deem proper and necessary under the provisions of Section 402(b) and further, reserving unto the appellant the right to again file an appeal to the Commonwealth Court in the event that the appellant shall deem the decision of the Unemployment Compensation Board of Review in error.

Following the taking of additional testimony of the claimant before a referee acting as a Board Hearing Officer, the Board made the following findings of fact:

> 1. For the purposes of this appeal, the claimant was last employed as a food production worker by Pizza Plus for approximately 1-1/2 years and her last day of work was February 14, 1979.
>
> 2. The claimant, who was married, felt that her marriage would fail if she and her husband remained in the Pittsburgh, Pa. area.
>
> 3. As a result of her urging, the claimant's husband found work in Kentucky where the claimant was raised and voluntarily terminated his employment in the Pittsburgh area as a fireman.
>
> 4. When the claimant's husband secured work in Kentucky, she voluntarily terminated her employment to move to Kentucky.

Based on these findings, the Board, without referring to Part (II), set forth the following

DISCUSSION: Section 402(b)(1) of the Law provides that a claimant shall be ineligible for compensation for any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Since the claimant voluntarily terminated her employment, the burden rests upon her to show cause of a necessitous and compelling nature for so doing. The claimant has failed to meet this burden.

The claimant voluntarily terminated her employment in order to move to Kentucky because she feared that her marriage would fail if she remained in the Pittsburgh area. Such a reason cannot be held to constitute cause of a necessitous and compelling nature for leaving one's employment.

CONCLUSION OF LAW: The claimant is ineligible for benefits under the provisions of Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law.

ORDER: The decision of the Referee is affirmed as modified and benefits are denied.

It is obvious from the above that the issue before us is whether or not the change of residence requiring termination of employment is for a necessitous and compelling cause where the basis is marital difficulties and the feeling of the claimant, the wife, is that her marriage would fail if she and her husband remained in the Pittsburgh area. We believe that the termination of her employment by the claimant under the circumstances and findings in this case is not of a necessitous and compelling nature within the meaning of Section 402(b) and we affirm.

Appellant relies principally on the Supreme Court's decision in *Richards v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980), where the Supreme Court held that, under the 1959 amendment, which applies here, where the desire to join a spouse in a new location is not the "predominant reason" for termination of the employment, that desire would not in and of itself render the claimant ineligible for benefits under Section 402(b)(2). The Court held there that the change of residence was compelled by "economic necessity" rather than by a simple desire to join the husband, so that the latter purpose was not the "predominant" one, reversing the Commonwealth Court and the Board. Thus, with eligibility established, the case was remanded to the Board for computation of benefits.

Claimant argues that "saving a marriage is at least as necessitous and compelling as babysitting for one's children," citing *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978), where we held unconstitutional Part (II) of Section 402(b)(2) and, in effect, also Part (I) of that Section. There, benefits were approved for a nursing assistant who was forced to terminate her employment because she was unable to get day time work that would permit her to care for her young children.

Of course, it goes without saying that the findings of the Board as to facts, if supported by the evidence and in the absence of fraud are conclusive upon this Court upon review. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). *Taylor* has been cited by the Supreme Court and this Court on many occasions, particularly the principle set forth therein as follows:

> It is now axiomatic in an unemployment compensation case, that the findings of fact made

by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists.

*Id.* at 355, 378 A.2d at 831 (citations omitted).

Having read the testimony, we are satisfied that the findings of the Board and the record adequately support the Board's adjudication, particularly since the testimony is entirely that of the claimant, so that those findings are binding upon this Court. Therefore, whether reliance is upon Part (II) of Section 402(b)(2), or as required by *Wallace*, upon Section 402(b)(1), (now amended as solely §402(b)), looking only to whether or not the termination was for a cause of necessitous and compelling nature, we find no acceptable basis in the record or in the law to reach a conclusion contrary to that of the Board.

In reaching our decision, we have considered the contention of claimant that our decision should be controlled by *Wallace* since the care of children in that case was approved as a necessitous and compelling cause which, claimant contends, as noted above, is no more compelling and necessitous than is the saving of her marriage. It must be remembered that in *Wallace* the Court was dealing with a decision rendered under an unconstitutional limitation on eligibility, spelled out to specifically exclude domestic circumstances from consideration in determining whether or not the cause was of a necessitous and compelling nature. Whether or not the desire to join an absent spouse can amount

to a necessitous and compelling reason for terminating employment, in this case we feel that claimant's departure was largely self-inflicted in an effort to avoid, not marital problems that arise out of a geographical separation, but problems which arose solely out of the extramarital activities of the claimant's husband. The geographical separation factor was her chosen antidote for the marital problem and not a cause of it. If the husband's departures from conventional marriage activities could have been cured by some means other than moving from the home owned by the parties to another home outside of the sphere of influence upon the husband, where claimant's employment could have been conveniently continued, this would certainly have dispelled the fear that claimant now urges us to adopt as a basis for changing a voluntary termination of employment into an involuntary one.

Whether or not the issue of the importance of a marriage as compared with the welfare of children is factual and more the responsibility of the Board than of this Court, we think need not be addressed here. We see an inherent difference, however, between the conventional and totally accepted responsibilities of a mother to tend to the welfare of her children, which the Legislature certainly had in mind, as opposed to the unconventional and unacceptable extramarital conduct of claimant's husband as a basis for voluntarily terminating employment without loss of unemployment compensation benefits. In short, claimant here seeks a remedy for what we conclude is not a legislatively acceptable cause.

Claimant also urges that we reverse on the basis that Section 802(b)(2)(I) is unconstitutional. First of all, this subsection was not the basis for the Board's determination, as we have pointed out, since that determination was made simply on the basis of Section 402(b)(1). Secondly, as the Board and the Legislature

must have recognized, our decision in *Wallace*, in effect, holds unconstitutional Part (I) as well as Part (II), ruling that decisions in domestic quit cases must all be determined under Section 402(b)(1), (now by amendment Section 402(b)).[4]

### ORDER

AND Now, this 7th day of July, 1983, the order of the Unemployment Compensation Board of Review, dated July 31, 1981, No. B-173560-B, denying benefits to the claimant, Ada M. Kadlecik, is hereby affirmed.

---

[4] See note 1.