569 A.2d 1013

**David L. HAMMOND, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Feb. 6, 1990.

Wanda L. Carter, with her, Sharon M. Dietrich, Philadelphia, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

David L. Hammond (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) reversing a referee's decision that Claimant was eligible for benefits because his rationale for voluntarily leaving his employment was of a necessitous and compelling nature. We affirm.

The facts as found by the Board are as follows. A veterinarian, Claimant moved from Mississippi to Philadelphia in August of 1987 in order to take a lecturer position at the University of Pennsylvania for $2250 per month. After considering the possibility of moving to Philadelphia, his wife chose to remain in Mississippi because of the couple's separation and in order to pursue her education.

In the spring of 1988, friends approached the wife with an offer to be manager and part-owner of a home for the elderly in Oregon, where her family is located. A few months before Claimant resigned, the wife quit her job and schooling in Mississippi, and accepted the Oregon position. Acting under the belief that his wife would divorce him and take custody of their three children, Claimant voluntarily terminated his Philadelphia job on August 14, 1988 and moved to Oregon, where he is currently seeking work.

The referee found for Claimant on the basis that he met the burden of proving that his reasons for voluntarily terminating his job were of a necessitous and compelling

nature, as required by Section 402(b) of the Unemployment Compensation Law (Law).[1] The Board reversed, finding that the rationale put forth by Claimant was insufficient to satisfy Section 402(b) of the Law.

There are two issues before us.[2] The first is whether Claimant had cause of a necessitous and compelling nature to voluntarily leave his work under Section 402(b) of the Law. The second is whether denying Claimant's benefits based on the rationale that he desired to preserve his family unit made the Board's decision unconstitutional.

 In regards to the first issue, we have held that when a claimant becomes voluntarily unemployed in order to follow a spouse to a new location, he or she has the burden of proving that it emanated from cause of a necessitous and compelling nature. *Green v. Unemployment Compensation Board of Review*, 108 Pa.Commonwealth Ct. 216, 529 A.2d 597 (1987) (citation omitted). Specifically, Claimant as the following spouse must prove that (1) the maintenance of two residences presents an economic hardship or an insurmountable commuting problem as a result of the move; and (2) Claimant's resignation is a direct result of his spouse's relocation. *Danenberg v. Unemployment Compensation Board of Review*, 110 Pa.Commonwealth Ct. 326, 532 A.2d 507 (1987), citing *Wheeler v. Unemployment Compensation Board of Review*, 69 Pa.Commonwealth Ct. 201, 450 A.2d 775 (1982). We are compelled at this point to emphasize that Claimant and his wife maintained separate residences and suffered commuting problems for one year while he was in Philadelphia and she was in Mississippi. Therefore, since a commuting problem and the successful maintenance of separate residences were in existence prior

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

2. In this matter, we note that our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether the necessary findings of fact are supported by substantial, competent evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

to the wife's move to Oregon, the couple's choice, we agree with the Board that Claimant did not prove the requisite economic hardship as a result of his wife's move out West.

In order to show that Claimant's voluntary termination was a direct result of his spouse's relocation, he must prove that her decision was not one of purely personal preference, but instead one beyond her control. *Danenberg.* Claimant contends that his rationale for voluntary termination was necessitous and compelling and thus a direct result of his wife's relocation because his marital problems were worsened by geographic distance and he feared that his wife would divorce him and take custody of their three children if he did not relocate to Oregon. However, we have held that a mere belief that marital discord would result was insufficient to establish the requisite cause under the Law. *Kadlecik v. Unemployment Compensation Board of Review*, 75 Pa.Commonwealth Ct. 411, 461 A.2d 1345 (1983). We have also stated that the desire to preserve the family relationship is insufficient in and of itself to establish cause under the statute. *Schechter v. Unemployment Compensation Board of Review*, 89 Pa.Commonwealth Ct. 24, 491 A.2d 938 (1985).

As the *Schechter* court points out, which is true here also, "we are not faced here with a situation where the primary bread-winner loses his/her job, moves away in order to obtain employment and the claimant spouse seeks to follow because of the couple's inability to maintain two households." *Id.*, 89 Pa.Commonwealth Ct. at 29, 491 A.2d at 940. There is no evidence in the record that shows that the wife's decision was anything more than pure personal preference. This is not the type of situation where we will find eligibility for compensation, however laudable the Claimant's efforts to reunite with his family.

We distinguish this situation from the case of *Fulton v. Unemployment Compensation Board of Review*, 126 Pa. Commonwealth Ct. 363, 559 A.2d 996 (1989), found in Claimant's supplemental brief, which involved a claimant who voluntarily relinquished her waitressing position to follow

her semi-incarcerated spouse who had been placed in a "pre-release program." The court ultimately permitted compensation in that case, finding that the fault of the inmate in becoming incarcerated initially was too attenuated from the cause of relocation, which was the release, to preclude compensation. The situation here is different because Claimant's wife was not compelled to relocate for reasons beyond her control.

■ In regards to the second issue, whether the Board's decision was unconstitutional because Claimant's rationale for voluntary termination was the preservation of his family, we recognize the existence of fundamental constitutional rights as to family relationships. *Zablocki v. Redhail,* 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978); *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967). However, in the case cited by both parties in support of their respective positions, *Austin v. Berryman,* 862 F.2d 1050 (4th Cir.1988), *reversed in part* 878 F.2d 786 (1989), the Fourth Circuit Court recognized that the Virginia statute "which makes ineligible for unemployment compensation benefits an employee who quits work to follow his or her spouse ... does not 'order or prevent' spouses or families from living together." *Austin,* 862 F.2d at 1054–55.

That court reasoned that the possibility was slim that workers would decline to relocate and join their families merely because they would not receive benefits. The court's conclusion was that the statute at issue did not "significantly burden a fundamental right." *Id.*

In the case of *Wallace v. Unemployment Compensation Board of Review,* 38 Pa.Commonwealth Ct. 342, 393 A.2d 43 (1978), this Court found the former version of Section 402(b) of the Law,[3] providing that individuals who voluntarily terminate their employment for domestic reasons are ineli-

---

**3.** The legislature amended Section 402(b) in 1953 to preclude domestic circumstances from constituting good cause, and then reinstated domestic circumstances as being capable of constituting good cause two years later. *Kleban v. Unemployment Compensation Board of Review,* 73 Pa.Commonwealth Ct. 540, 459 A.2d 53 (1983).

gible for benefits, to be unconstitutional. The basis for our finding of unconstitutionality was that no rational basis existed between treating differently claimants who had voluntarily terminated their positions for domestic reasons and the purpose of the Law, "to relieve workers who become unemployed through no fault of their own of the hardship flowing from the loss of employment." *Id.*, 38 Pa.Commonwealth Ct. at 348, 393 A.2d at 43.

However, Claimant had a chance to overcome the burden of showing a necessitous and compelling cause based on domestic reasons, and the Board found that he failed to meet that burden. Therefore, we find no constitutional infirmity with the Board's decision since it was based on a statute much more liberal than the one at issue in *Austin* and because we agree with the Fourth Circuit's statement that "[t]here are, of course, many state regulations affecting the marriage relationship that do not implicate constitutional concerns. In our view, the regulation of unemployment compensation benefits to married persons in the context presented here is one of them." *Austin*, 862 F.2d at 1054–55. Because claimants who assert domestic reasons as a basis for cause of voluntary termination have an opportunity to challenge a finding of ineligibility, we decline to find the Board's application of Section 402(b) of the Law unconstitutional in this context.

For these reasons, we affirm.

## ORDER

AND NOW, this 6th day of February, 1990, the order of Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.