Karen E. DOPSON, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 2, 2009.

Decided Nov. 13, 2009.

Michael W. McGurrin, Philadelphia, for petitioner.

Judith M. Gilroy, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Karen E. Dopson (Claimant) petitions for review from the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]

The facts, as initially found by the referee and confirmed by the Board, are as follows:

1. The claimant was last employed as an accounts receivable poster by Livengren from May 2005 at final rate of $14.29 per hour and her last day of work was September 19, 2008.

2. In January 2008, the claimant learned that her son and daughter-in-law were going to have another baby in mid-September 2008.

3. At the time, the claimant's son and daughter-in-law were living in Charleston, South Carolina.

4. The claimant's daughter-in-law was going to finish her medical fellowship in June, and then move to Pittsburgh, PA to join her family's medical practice.

5. The claimant's son had to perform several months of student teaching in South Carolina before he could receive his teaching license.

6. The claimant and her family decided that the claimant's son should not put off his education, but should complete his student teaching requirement from August to December 2008.

7. The claimant's daughter-in-law had to study between September and December 2008 to take her medical board tests.

8. In September 2008, the claimant's son and daughter-in-law also had a 14 month old son, who was in preschool.

9. It was decided that the best thing for the family was for the claimant to help care for the children so that her son could complete his student teaching and the claimant's daughter-in-law could study.

10. The claimant requested FMLA leave, a leave of absence, or to work from Pittsburgh, but the employer denied the claimant's requests.

11. On August 25, 2008, the claimant submitted her resignation, to be effective September 19, 2008.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

12. The claimant voluntarily resigned her employment to provide care for the newborn and 14 month old son so that her daughter-in-law could study for her medical boards.

Referee's Decision, March 30, 2009, (Decision), Findings of Fact Nos. 1–12 at 1–2.

The referee determined that Claimant failed to establish that she had a necessitous and compelling reason for leaving her employment:

> While it was certainly the best alternative for the claimant's son and daughter-in-law for the claimant to help take care of the children, it was not a necessitous and compelling reason for the claimant to resign her employment. The family had other alternatives to the claimant voluntarily resigning her employment, such as the claimant's son postponing his student teaching, or the claimant's daughter-in-law hiring in home help for the children. The claimant made a personal choice to help her family with short term childcare, providing family care for young children instead of care by strangers. While clearly the claimant made reasonable efforts to preserve her employment before she resigned, her reason for resigning was not necessitous and compelling.

Decision at 2.

■ Claimant contends that the Board erred when it held that Claimant's reason for leaving employment was not necessitous and compelling.[2]

■ Whether a termination of employment is voluntary is a question of law subject to this Court's review. The failure of an employee to take all reasonable steps to preserve employment results in a voluntary termination. *Westwood v. Unemployment Compensation Board of Review*, 110 Pa.Cmwlth. 645, 532 A.2d 1281 (1987). An employee voluntarily terminating employment has the burden of proving that such termination was necessitous and compelling. The question of whether a claimant has a necessitous and compelling reason to terminate employment is a question of law reviewable by this Court. *Willet v. Unemployment Compensation Board of Review*, 59 Pa.Cmwlth. 500, 429 A.2d 1282 (1981). Good cause for voluntarily leaving one's employment results from circumstances which produce pressure to terminate employment that is both real and substantial and which would compel a reasonable person under the circumstances to act in the same manner. *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 654 A.2d 280 (Pa. Cmwlth.1995).

■ Claimant asserts that she acted reasonably. She resigned to provide childcare to a newborn grandchild when no other arrangements were available. Claimant argues that neither parent was available to care for the baby in the months following her birth because the mother was studying for her medical boards and the father was finishing his education by student teaching in South Carolina. Further, the family could not locate any childcare facility that would accept newborn infants.

Pennsylvania Courts have held in certain situations that leaving work in order to provide childcare constitutes a necessitous and compelling reason for leaving employment. For instance, in *Truitt v. Unemployment Compensation Board of Review*, 527 Pa. 138, 589 A.2d 208 (1991),

---

2. This Court's review in an unemployment case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or essential findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 161 Pa.Cmwlth. 464, 637 A.2d 695 (1994).

our Pennsylvania Supreme Court held that Kathleen Truitt [Truitt] had a necessitous and compelling reason to quit her job as a waitress because her schedule required her, on certain days, to leave her two children, aged nine and thirteen, alone until 3:00 a.m. after her mother who had cared for the children injured her elbow and was unable to provide care. Our Pennsylvania Supreme Court reasoned:

> Appellant's [Truitt] efforts to provide for her family were commendable. She could have stayed home and collected unemployment benefits after the trucking company where she had been earning $11.89 an hour, laid her off. But no! She instead obtained employment as a waitress where her base pay was $2.01 an hour. She had not yet completed her probationary period of employment with T.G.I. Fridays when her mother was incapacitated. She attempted to find someone or an agency, to no avail, to watch her children while she was at work, and, additionally, she sought to arrange a different schedule with her employer. The employer declined to accommodate her either temporarily or permanently. There is nothing more that we can or should ask of an employee before that employee terminates his or her employment.

*Truitt*, 527 Pa. at 143, 589 A.2d at 210.

Similarly, in *Beachem v. Unemployment Compensation Board of Review*, 760 A.2d 68 (Pa.Cmwlth.2000), Kermit J. Beachem, Jr. (Beachem) worked as a welder/ship fitter in a temporary, full-time capacity in Alabama. Beachem had full custody of his son, an eleven year old boy, who lived with Beachem's mother in Pennsylvania. The child experienced emotional and behavioral problems while Beachem was away. He improved when Beachem was staying with him. Consequently, Beachem quit his job in Alabama and got a job in Pennsylvania.

He was laid off a few weeks later when his new employer downsized. Beachem applied for unemployment benefits. The Board found that Beachem did not establish a necessitous and compelling reason for terminating his employment in Alabama. *Beachem*, 760 A.2d at 70–71. This Court reversed and held "that a cause of a necessitous and compelling nature may exist where a claimant voluntarily terminates his employment in order to care for his emotionally or behaviorally disturbed child." *Beachem*, 760 A.2d at 72.

More recently, in *Wagner v. Unemployment Compensation Board of Review*, 965 A.2d at 324 (Pa.Cmwlth.2009), this Court reversed the denial of benefits for Bret Wagner (Wagner) who terminated his employment as a technical inspector while working overseas in Iraq and returned to the United States to help his fiancée who was involved in a contentious custody battle with an abusive ex-boyfriend and to help care for her child who had a congenital heart defect and had also been diagnosed with microcephaly:

> Knowing that his fiancée was under such significant pressure and risk of potential harm, and that a trip home could take several days, he could no longer work thousands of miles from home.... He made reasonable efforts to preserve his employment, however, the Employer could not offer him a job stateside.... Claimant's [Wagner] domestic circumstances produced pressure for him to terminate employment that was both real and substantial, and would compel a reasonable person under similar circumstances to act in the same manner.... Claimant's [Wagner] voluntary termination of his employment was, therefore, due to necessitous and compelling reasons. (Citations omitted).

*Wagner*, 965 A.2d at 326.

Although Claimant points to *Beachem* and *Truitt* for support, those cases and

*Wagner* are distinguishable from the present case. First, none of these cases involved a grandparent who terminated his employment to take care of a grandchild. *Beachem* and *Truitt* both involved a parent, while *Wagner* involved a future stepfather. Claimant cites no case where care of a grandchild has constituted a necessitous and compelling reason to terminate employment. Indeed, the Board asserts that there is no Pennsylvania case where a grandparent has a necessitous and compelling reason to terminate employment to care for a grandchild.

Second, in *Beachem* and *Wagner,* the children had serious emotional or physical problems. Even in *Truitt,* the children had no one to care for them late at night due to Truitt's job and her mother's injury. Here, the care of the newborn was required by someone other than the parents because the father desired to stay in South Carolina to do his student teaching and the mother wanted free time to study for her medical boards.

Third, while Claimant may have made a reasonable choice to care for her grandchildren, she did not have a necessitous and compelling reason for leaving her employment. In *Hammond v. Unemployment Compensation Board of Review,* 131 Pa.Cmwlth. 166, 569 A.2d 1013 (1990), David L. Hammond (Hammond), a veterinarian, moved from Mississippi to Philadelphia to take a position at the University of Pennsylvania. Hammond's wife remained in Mississippi. One year later, Hammond's wife received an offer to move to Oregon to be part-owner and manager of a home for the elderly. Hammond's wife accepted the position. Hammond believed that his wife would divorce him and take custody of their three children, so he quit his job and moved to Oregon. The Board found Hammond ineligible for unemployment benefits because his reason for terminating his employment was not necessitous and compelling. *Hammond,* 569 A.2d at 1014–1015. This Court affirmed because Hammond failed to establish that his wife's decision to relocate was not one of purely personal preference but instead was beyond her control. *Hammond,* 569 A.2d at 1015.

Here, Claimant did not quit her job to rejoin a spouse, but to temporarily relocate to assist her son and daughter-in-law. While laudable, this was her personal preference. This Court agrees with the Board that Claimant lacked a necessitous and compelling reason to terminate her employment.

Accordingly, this Court affirms.

### ORDER

AND NOW, this 13th day of November, 2009, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.