IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Trina M. Greer-Jefferson,       :
                                  : No. 2306 C.D. 2015
                 Petitioner  : Submitted: April 1, 2016
                                  :
            v.               :
                                  :
Unemployment Compensation  :
Board of Review,             :
                                :
                 Respondent :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: June 16, 2016


        Trina M. Greer-Jefferson (Claimant) petitions *pro se* for review of the October 9, 2015 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination and held that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]  We affirm.

        Claimant was employed as a full-time clinical research associate by PRA International (Employer) from January 23, 2015, until April 23, 2015, at a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). Section 402(b) provides that an employee shall be ineligible for compensation for any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

final annual salary of $50,000, when she voluntarily quit her employment. The local service center found that Claimant did not show a necessitous and compelling reason for leaving her job and denied benefits under Section 402(b). Claimant appealed.

A referee held a hearing on August 24, 2015, where Claimant appeared and Employer did not. Claimant testified that she had weekly one-on-one meetings with her supervisor (Supervisor) to discuss her workload. Claimant said that she also had a mentor (Mentor) who was available to answer questions about her workload. Notes of Testimony (N.T.), August 24, 2015, at 5.

Claimant stated that in April 2015, Mentor confided in Claimant about personal issues while they were in the hallway at work, and Supervisor saw Mentor crying during this exchange. Thereafter, Supervisor met with Claimant for their one-on-one meeting, and Supervisor asked Claimant, "What's the T?" Claimant answered that she did not understand the question, and Supervisor clarified that she was asking about Mentor. Claimant told Supervisor that she "doesn't get involved in telling other people's business." *Id*. at 6. Later, on April 22, 2015, Mentor told Claimant that Supervisor accused Claimant of growling at her during their one-on-one meeting. *Id*. at 5-6.

Claimant further testified that, on April 23, 2015, she informed Supervisor that she was quitting and left the workplace. After she arrived home Claimant was contacted by Employer's human resource department (Human Resources) regarding her reason for quitting. Claimant described the prior day's interaction with Supervisor to Human Resources and told Human Resources that she quit because she "took offense" when she learned that Supervisor accused her of growling. Claimant said that she had not reported this issue to Human

2

Resources prior to quitting, but informed Human Resources that she would return to work for Employer if she were assigned to a different supervisor. N.T., August 24, 2015 at 7-8.

The referee determined that Claimant failed to sustain her burden of proving that she had a necessitous and compelling reason to quit her employment, and affirmed the local service center's determination that Claimant was ineligible for benefits under Section 402(b).

Claimant appealed to the Board, which found that Claimant and Supervisor had a personality conflict, and that Claimant had not credibly established that she had no other choice but to quit. The Board also found that Claimant did not make a reasonable effort to preserve the employment relationship because she did not discuss her problems with Employer before quitting. Thus, the Board concluded that Claimant was ineligible for benefits under Section 402(b).

On appeal to this Court,[2] Claimant argues that the Board erred in concluding that Claimant did not have a necessitous and compelling reason for

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987). Additionally, the Board is the factfinder in unemployment compensation cases, empowered to determine credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). The Board's findings are binding on appeal if they are supported by substantial evidence. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013). "Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). We view the record in the light most favorable to the party prevailing before the Board and afford that party the benefit of all reasonable inferences that can be drawn from the evidence to determine if substantial evidence exists. *Big Mountain Imaging v. Unemployment Compensation Board of Review*, 48 A.3d 492, 494-95 (Pa. Cmwlth. 2012).

3

quitting, and Claimant asserts that she acted with ordinary common sense and made a reasonable effort to preserve the employment relationship.

Preliminarily, we note that under Section 402(b) of the Law, a person is ineligible for unemployment benefits if she voluntarily terminates her employment without cause of a necessitous and compelling nature. The burden of proof rests on the claimant to demonstrate necessitous and compelling cause. *Dopson v. Unemployment Compensation Board of Review*, 983 A.2d 1282, 1284 (Pa. Cmwlth. 2009). Necessitous and compelling cause "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Philadelphia Parking Authority v. Unemployment Compensation Board of Review,* 654 A.2d 280, 282 (Pa. Cmwlth. 1995) (quoting *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832-33 (Pa. 1977)). A claimant must also make a reasonable effort to preserve her employment. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

In *Porco v. Unemployment Compensation Board of Review*, 828 A.2d 426, 429-30 (Pa. Cmwlth. 2003), the claimant quit his job due to his manager's abusive conduct and profanity. However, the claimant admittedly failed to speak to any upper level management regarding his circumstances before quitting. We held that by failing to give his employer the opportunity to resolve the situation, the claimant failed to take reasonable steps to preserve his employment. Accordingly, we affirmed the Board's denial of benefits under Section 402(b).

4

Whether a person had a necessitous and compelling reason to voluntarily quit employment is a question of law and subject to this Court's review. *Middletown Township v. Unemployment Compensation Board of Review,* 40 A.3d 217, 227 (Pa. Cmwlth. 2012). It is well-settled that, absent an intolerable work atmosphere, personality conflicts do not amount to a necessitous and compelling reason for leaving one's employment. *Ann Kearney Astolfi DMD P.C. v. Unemployment Compensation Board of Review,* 995 A.2d 1286, 1290 (Pa. Cmwlth. 2010); *Lynn v. Unemployment Compensation Board of Review,* 427 A.2d 736, 737 (Pa. Cmwlth. 1981).

In *Astolfi*, the claimant quit her job because of repeated verbal abuse and for being "yelled" at for taking too much time with her patients by her employer and other employees. We found that the claimant demonstrated "resentment" and "personality conflicts," but did not demonstrate an intolerable work environment. In reversing the Board, we held that the claimant did not establish a necessitous and compelling reason to quit. *Astolfi*, 995 A.2d at 1290.

In her brief, Claimant asserts for the first time that Supervisor told her that team meeting phone calls would be listened to because she did not communicate enough with team members, and that Supervisor began to "nitpick, bully and humiliate" Claimant, causing her headaches and affecting her concentration at work. Claimant has waived these issues because she did not raise them before the Board. *Merida v. Unemployment Compensation Board of Review*, 543 A.2d 593, 596 (Pa. Cmwlth. 1988), *appeal dismissed*, 570 A.2d 1320 (Pa. 1990) (an issue not specifically raised before the Board is waived).

After careful review of the record, we conclude that the Board's findings are supported by substantial evidence. These findings, in turn, support the

Board's conclusion that Claimant did not demonstrate necessitous and compelling cause for quitting her job. Moreover, the Board's finding that Claimant overreacted and did not act with ordinary common sense in quitting over Supervisor's statement is supported by substantial evidence, as is the Board's finding that Claimant did not make a reasonable effort to preserve the employment relationship before quitting. Here, the Board found Claimant did not demonstrate intolerable working conditions and did not make a reasonable effort to preserve her employment before quitting. Thus, Claimant failed to meet her burden of proof under Section 402(b).

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Trina M. Greer-Jefferson,      :
                                 : No. 2306 C.D. 2015
                       Petitioner    :
                                 :
                v.                :
                                 :
Unemployment Compensation   :
Board of Review,                :
                                 :
                 Respondent :

O R D E R

AND NOW, this 16th day of June, 2016, the order of the Unemployment Compensation Board of Review, dated October 9, 2015, is affirmed.

_____
MICHAEL H. WOJCIK, Judge