IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duncan R. Smith,     :
    : No. 792 C.D. 2016
    Petitioner   : Submitted: September 30, 2016
    :
    v.    :
    :
Unemployment Compensation   :
Board of Review,   :
    :
    Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
    HONORABLE MICHAEL H. WOJCIK, Judge
    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK        FILED: January 4, 2017


Duncan R. Smith (Claimant) petitions *pro se* for review of the March 30, 2016 order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's determination and held that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by Sears (Employer) beginning March 8, 2009. At the time of separation, Claimant was working as a sales associate of consumer electronics for approximately 25 hours per week at rate of pay of $10.81

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Section 402(b) provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

per hour. Findings of Fact (F.F.) No. 1. Employer decided to no longer utilize sales associates exclusively for consumer electronics and offered Claimant a commission-based position selling both consumer electronics and appliances. Claimant, assuming that he would not make as much money on a commission basis, voluntarily quit work effective July 18, 2015. Claimant never attempted to work in the commission-based position. Notes of Testimony (N.T.), February 22, 2016, at 5-6.

Claimant filed for unemployment benefits on July 19, 2015, citing lack of work as the reason for the separation. Claimant received $175.00 weekly in benefits for the weeks of August 1, 2015 through October 3, 2015, totaling $1750.00. F.F. Nos. 6-8. The local service center determined that Claimant was not unemployed due to lack of work and established a fault overpayment for which Claimant was penalized 12 benefits weeks and a financial penalty of $262.50, equalling 15% of the benefits already received, pursuant to Section 801 of the Law. 43 P.S. §871. Claimant appealed.

A Notice of Hearing was sent to Claimant informing him that a referee's hearing would be held by phone on February 22, 2016 at 10:30 a.m. The Notice specifically stated:

> Please be advised that the referee will be calling parties on a telephone line that will not display the originating telephone number. Some telephones have the capability of blocking incoming calls for which no originating number is displayed. If your telephone blocks such calls and if you expect to participate in the hearing by telephone, **it is your responsibility to ensure that you are able to accept the call to participate in the hearing.**

Notice of Hearing at 2 (emphasis in original). When the referee attempted to contact Claimant on the date of the hearing, she heard this recorded message:

> The party you are calling does not wish to talk to callers who block their numbers. If you wish to reach this party, please, hang up and place your call again without blocking your number.

N.T. at 1. Kimberly Gillette, Assistant Store Manager, testified on behalf of Employer and was the sole witness in the hearing.

As a result of his absence from the hearing, Claimant offered no evidence for the record. The referee concluded that Claimant failed to meet his burden of proving a necessitous and compelling reason to voluntarily quit his employment. Accordingly, the referee issued an order affirming the local service center's determination that Claimant was ineligible for benefits under Section 402(b) and assessing penalties for fault overpayment.[2]

Claimant appealed to the Board, arguing that he had proper cause for missing the hearing, a necessitous and compelling reason for quitting, and requesting remand. Section 504 of the Law states that "[t]he board shall have power, on its own motion, or on appeal, to . . . direct the taking of additional evidence." 43 P.S. §824. Pursuant to Section 504, "the Board has the discretion to decide whether to grant a request for remand." *Fisher v. Unemployment*

---

[2] Section 101.51 of the Board's regulations states, in relevant part, that "[i]f a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence." 34 Pa. Code §101.51. If a claimant fails to attend the referee's hearing without ''proper cause," the referee must issue a decision on the merits with findings of fact based upon the evidence of record, including any testimony that the employer offered in support of its burden of proof. *Ortiz v. Unemployment Compensation Board of Review*, 481 A.2d 1383, 1386 (Pa. Cmwlth. 1984).

3

*Compensation Board of Review*, 696 A.2d 895, 897 (Pa. Cmwlth. 1997).[3] The Board accepted, without change, the findings of the referee. The Board also found that Claimant did not have proper cause for his non-appearance at the hearing and denied Claimant's request for remand. Accordingly, the Board affirmed the order of the referee.

On appeal to this Court,[4] Claimant argues that the Board erred in concluding that he did not have a necessitous and compelling reason to quit his

[3] *See also* Section 101.23 of the Board's regulations, 34 Pa. Code §101.23(a), ("Continuance of a hearing will be granted only for proper cause and upon the terms as the tribunal may consider proper."); Section 101.24(a) of the Board's regulations, 34 Pa. Code §101.24(a) ("If a party who did not attend a scheduled hearing subsequently gives written notice . . . and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute 'proper cause,' the case shall be reopened. Requests for reopening . . . shall be in writing; shall give the reasons believed to constitute 'proper cause' for not appearing; and they shall be delivered or mailed . . . to the [Board] . . . ."); Section 101.24(c) of the Board's regulations, 34 Pa. Code §101.24(c) ("If the request to have the hearing reopened is denied, the Board will append to the record the request, supporting material and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.").

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987). The Board is the factfinder in unemployment compensation cases, empowered to determine credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). The Board's findings are binding on appeal if they are supported by substantial evidence. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 292, 299 (Pa. Cmwlth. 2013). "Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review,* 738 A.2d 518, 521 (Pa. Cmwlth. 1999). We view the record in the light most favorable to the party prevailing before the Board and afford that party the benefit of all reasonable inferences that can be drawn from the evidence to determine if substantial evidence exists. *Big Mountain Imaging v. Unemployment Compensation Board of Review,* 48 A.3d 492, 494–95 (Pa. Cmwlth. 2012).

employment. Claimant asserts that his position was eliminated and research regarding commission-based work through Employer's computer system proved that he would be paid less if he accepted the proffered position.

Under Section 402(b) of the Law, a claimant is ineligible for unemployment benefits if he voluntarily terminates employment without cause of a necessitous and compelling nature. The claimant has the burden of proving a necessitous and compelling cause. *Dopson v. Unemployment Compensation Board of Review*, 983 A.2d 1282, 1284 (Pa. Cmwlth. 2009). Necessitous and compelling cause "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 654 A.2d 280, 282 (Pa. Cmwlth. 1995) (quoting *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832-33 (Pa. 1977)). Whether a person has a necessitous and compelling reason to voluntarily quit employment is a matter of law and subject to this Court's review. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 227 (Pa. Cmwlth. 2012).

After careful review of the record, we conclude the Board's findings are supported by substantial evidence. These findings support the Board's conclusion that Claimant failed to demonstrate a necessitous and compelling reason for voluntarily quitting his employment. Specifically, the Board determined

that Claimant lacked proper cause for his non-appearance at the hearing[5] and, by failing to appear, Claimant offered no competent evidence to the record to support his assertion that he had a necessitous and compelling reason for quitting. In the absence of any record evidence, Claimant cannot rely on his own version of the facts in his appellate brief to meet his burden of proof. *See, e.g., Anker v. Unemployment Compensation Board of Review,* (Pa. Cmwlth. No. 434 C.D. 2010, filed December 10, 2010), slip op. at 5 ("Unfortunately for Claimant, her failure to appear at the Referee's hearing meant that she failed to provide any competent evidence to meet her burden of proof on the ultimate legal issue. Accordingly, the Board did not err in deciding the case based upon the available records and denying benefits under Section 402(b) of the Law, 43 P.S. § 802(b).") (footnote omitted).[6]

Finally, Claimant also asserts, for the first time, that the Board erred in affirming the finding of a fault overpayment and the assessment of penalties. However, because Claimant did not raise this issue before the Board, it is waived and it will not be considered on appeal.[7] Pa. R.A.P. 1551(a); *Lewis v. Unemployment Compensation Board of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012) (holding that a claimant waived issues regarding his employer's

---

[5] Claimant failed to raise the issue of his lack of proper cause for his non-appearance at the hearing in his Statement of Questions Involved. This Court may not consider questions not stated in the Statement of Questions Involved. Pa. R.A.P. 2116(a).

[6] *Anker,* as an unreported panel decision of this Court, has persuasive value, but it does not constitute binding precedent. Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a).

[7] Claimant also failed to outline this issue in his Statement of Questions Involved, therefore waiving the issue before this Court. Pa. R.A.P. 2116(a).

disciplinary procedures where he failed to raise the issues in his appeal to the Board).

Accordingly, we affirm the Board's order.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duncan R. Smith,                          :
                                          : No. 792 C.D. 2016
                      Petitioner          :
                                          :
            v.                            :
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                      Respondent          :


O R D E R


AND NOW, this 4<u>th</u> day of <u>January</u>, 2017, the order of the Unemployment Compensation Board of Review, dated March 30, 2016, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge