IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clair L. Platt,                           :
                                          :
                   Petitioner             :
                                          :
           v.                             : No. 1497 C.D. 2016
                                          : Submitted: February 17, 2017
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                   Respondent             :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: April 4, 2017

           Clair L. Platt (Claimant) petitions for review of the August 12, 2016
order of the Unemployment Compensation Board of Review (Board), which
affirmed a referee's determination and held that Claimant was ineligible for
benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1]
beginning with the week ending April 16, 2016. We affirm.

           Claimant began working for Laurel Arts (Employer) on May 1, 2002.
On April 6, 2016, Employer suspended Claimant for refusing to sign two employee

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). Section 402(b) provides that an employee shall be ineligible for compensation for any week "in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

counseling reports. Claimant was to return from his suspension on April 13, 2016. Although he did not formally resign, he did not return to work.

The local job center determined that Claimant was ineligible for benefits under Section 402(b). Claimant appealed, and a referee held a hearing on June 28, 2016. Claimant participated with the benefit of counsel but Employer did not attend the hearing.

Claimant testified that he worked for Employer for 15 years, most recently as a maintenance supervisor. Claimant said that Employer's executive director suspended him for refusing to sign two employee counseling reports. Reproduced Record (R.R.) at 81. Claimant explained that he refused to sign the reports because one falsely stated that he took vacation leave without notice and the other falsely stated that he failed to submit a cost comparison of supplies he uses. *Id.*

Claimant stated that the executive director would scream at him and that she had been angry and short with him at times. However, Claimant acknowledged that he had no prior counseling reports or other employment issues during the 15 years he worked for Employer. He also testified that he and the executive director had gotten along until July of the previous summer, when she accused him of favoring a particular beverage supplier. Claimant said that he felt he could not return to work because the executive director had made false statements about him and told board members that she was afraid of him, and he feared that she would level additional false accusations against him and cause further damage to his reputation. R.R. at 81-84.

Claimant stated that, during his suspension, he discussed his situation with members of Employer's board of directors but was unable to arrange a formal

meeting or have the matter placed on the agenda for the board's next meeting. R.R. at 82, 84-87. However, Claimant stated that Employer ultimately agreed not to challenge his claim for unemployment. R.R. at 83.

The referee observed that the counseling reports Claimant refused to sign included a statement that the employee's signature did not imply agreement with the evaluation. R.R. at 24, 25. The referee also noted that Claimant never advised Employer that he did not intend to return to work after his suspension ended. The referee concluded that Claimant was ineligible for benefits under Section 402(b) of the Law, beginning with compensable week ending April 16, 2016, and thereafter.

Claimant appealed to the Board, asserting that he was constructively discharged by virtue of a hostile work environment.[2] The Board found that Claimant's testimony was credible to establish the following relevant facts.[3] Claimant refused to sign two disciplinary forms because he believed that the underlying accusations were false. Findings of Fact Nos. 2-3. Consequently, Employer suspended Claimant on April 6, 2016. Finding of Fact No. 4. While Claimant was suspended, he attempted to discuss the situation with Employer's board of directors, to no avail. Finding of Fact No. 6. Claimant chose not to return to work and voluntarily terminated his employment on April 13, 2016, because he

---

[2] For purposes of unemployment compensation, when the employer uses language that possesses the immediacy and finality of a firing, an employee's resignation may be interpreted as a discharge. *Fishel v. Unemployment Compensation Board of Review*, 674 A.2d 770, 772 (Pa. Cmwlth. 1996).

[3] The Board is the factfinder in unemployment compensation cases, with exclusive authority over questions of witness credibility and evidentiary weight. *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1261-62 (Pa. Cmwlth. 2015).

feared additional allegations could be brought against him by Employer. Findings of Fact Nos. 7-8.

Finding no indication in the record that Claimant resigned to avoid imminent discharge, the Board concluded that the doctrine of constructive discharge was inapplicable. The Board also concluded that Claimant's conduct in leaving his job was not reasonable under the circumstances. Thus, the Board affirmed the referee's decision and held that Claimant was ineligible for benefits under Section 402(b) of the Law. Claimant now appeals to this Court.[4]

In order to be eligible for benefits, a claimant who voluntarily terminates employment must demonstrate that he had necessitous and compelling cause to do so. *Dopson v. Unemployment Compensation Board of Review*, 983 A.2d 1282, 1284 (Pa. Cmwlth. 2009). To establish necessitous and compelling reason for leaving his employment, the claimant must show circumstances that produced real and substantial pressure to terminate employment and would compel a reasonable person to act in the same manner; he must also show that he acted with ordinary common sense and made a reasonable effort to preserve his employment. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 294-95 (Pa. Cmwlth. 2013). Whether a claimant had a necessitous and compelling reason to voluntarily quit his employment is a question of law subject to appellate review. *Middletown Township v. Unemployment Compensation Board of Review,* 40 A.3d 217, 227 (Pa. Cmwlth. 2012).

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

Claimant argues that he had good cause to voluntarily terminate his employment because Employer's executive director made false accusations that she repeated to third parties, resulting in a hostile work environment.[5]

However, based on the evidence and arguments presented to the Board, the Board found that the reason Claimant chose not to return to work and voluntarily terminated his employment was that he feared additional allegations could be brought against him by Employer. Findings of Fact Nos. 7-8. Claimant does not challenge these findings, which are supported by his credited testimony, and therefore these findings are conclusive on appeal. *Salamak v. Unemployment Compensation Board of Review*, 497 A.2d 951, 954 (Pa. Cmwlth. 1985).

We have previously held that a claimant's speculative fears are insufficient to establish that a claimant has no other real choice than to leave his or her employment. In *Green Tree School v. Unemployment Compensation Board of Review*, 982 A.2d 573 (Pa. Cmwlth. 2009), the claimant was the director of education at a school for children with autism and emotional disturbances. The claimant asked the school's board of directors to reconsider its decision to eliminate the position of behavior management coordinator, which was held by the claimant's life partner. In making this request, the claimant asserted that eliminating the position endangered the children and the staff. The school's board

---

[5] In his brief, Claimant further alleges that the executive director repeatedly yelled, screamed, used vulgar language, and put undue workloads on him. We note many of the factual assertions in Claimant's brief are not supported by the record, notwithstanding Claimant's citations to the hearing transcript, and, therefore, this Court may not consider them. "An appellate court may consider only the facts which have been duly certified in the record on appeal." *AT&T v. Workers' Compensation Appeal Board (DiNapoli)*, 728 A.2d 381, 385 n.2 (Pa. Cmwlth. 1999) (citing *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974)).

of directors declined to reconsider its decision and accepted the claimant's resignation.

A referee determined that the claimant had necessitous and compelling reason to leave her employment, and the Board affirmed. The Board held that the claimant was not ineligible for benefits under Section 402(b) of the Law because her safety concerns regarding the elimination of the position were real.

On appeal, this court first stated that the Board erred in focusing on whether the claimant's belief was genuine. We explained that the applicable test was "whether the claimant has demonstrated that the workplace environment has placed 'real,' i.e., actual and extreme, pressure on the claimant," *Green Tree School*, 982 A.2d at 578, and concluded that the speculative nature of the claimant's concerns regarding the safety of students and staff did not constitute a compelling reason for her to resign. We also held that the claimant failed in her duty to preserve her employment relationship, noting that while she asked the school's board of directors to revisit its decision, she did not wait to see how the change in staffing would work out. Accordingly, we reversed the Board's decision.

As in *Green Tree School*, Claimant did not establish that his fears of additional accusations were more than speculative. Additionally, although Claimant unsuccessfully sought assistance from Employer's board of directors during his suspension, he did not inform Employer of his decision not to return to work; therefore, like the claimant in *Green Tree School*, he failed to make a reasonable effort to preserve his employment. Because Claimant's reasons for resigning his employment were speculative and he did not take reasonable steps to

6

preserve his employment, the Board properly held that he is ineligible for benefits under Section 402(b) of the Law.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clair L. Platt,                                  :
                                                 :
                    Petitioner                   :
                                                 :
          v.                                     : No. 1497 C.D. 2016
                                                 :
                                                 :
Unemployment Compensation                        :
Board of Review,                                 :
                                                 :
                    Respondent                   :


# O R D E R


AND NOW, this 4<u>th</u> day of <u>April</u>, 2017, the order of the Unemployment Compensation Board of Review, dated August 12, 2016, is affirmed.


                                      _____
                                      MICHAEL H. WOJCIK, Judge