**Kermit J. BEACHEM, Jr., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 8, 1999.

Decided Sept. 20, 2000.

Frank J. Piatek, New Castle, for petitioner.

Maribeth Wilt-Seibert, Harrisburg, for respondent.

BEFORE: DOYLE, President Judge, KELLEY, Judge, NARICK, Senior Judge.

DOYLE, President Judge.[1]

Kermit J. Beachem, Jr. (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed an order of an Unemployment Compensation Referee (referee) disallowing benefits to Claimant pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[2]

The Board made no independent findings of fact, but relied on the findings of fact made by the referee, including those essential to our decision, which are summarized as follows.

Claimant began work on August 31, 1998, with Eagle Group (Employer) as a welder/ship fitter in a temporary, full-time capacity in Alabama.[3] Claimant is the father of two children, both of whom reside in Ellwood City, Pennsylvania. Claimant's four-year-old son lives with his mother in Ellwood City. Claimant has sole custody of his eleven-year-old son, who lived with Claimant's mother in Ellwood City while Claimant was employed in Alabama.

During Claimant's employment in Alabama, his eleven-year-old son began to have emotional and behavioral problems in school. From November 23, 1998 to November 27, 1998, Claimant was absent from his job in Alabama due to medical problems, during which time Claimant returned to Ellwood City to be with his sons. During his stay, his eleven-year-old son seemed to improve in both his medical state and behavioral activity. On November 30, 1998, Claimant voluntarily terminated his employment in order to relocate to Ellwood City to care for his eleven-year-old son and also to be near his four-year-old son. Upon his return to Ellwood City, Claimant found a job with Value Structures and began work as a welder on January 4, 1999, but was laid off on January 29, 1999 due to a downsizing by that employer.

Claimant filed an application for unemployment compensation with an effective date of January 31, 1999. The Beaver Falls Job Center issued a notice of determination disapproving benefits under Sections 402(b)[4] and 401(f)[5] of the Law, and a referee subsequently affirmed the Job Center's disallowance of benefits. The referee found that, although Claimant had a qualifying separation because he was laid off from work at his subsequent employment, he had not earned six times his weekly benefit rate during that employment, and the referee, therefore, had to refer to Claimant's prior employment with Employer to determine his eligibility for benefits.

The referee ultimately disapproved Claimant's benefits pursuant to Section 402(b) of the Law. The referee found that Claimant had voluntarily terminated continuing employment with Employer to return to Ellwood City to provide help to his eleven-year-old son. Although the referee noted that Claimant may have had a valid personal and/or domestic reason for terminating his employment, that reason did not rise to the level of a "necessitous and

1. This case was re-assigned to the authoring Judge on April 11, 2000.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

3. The referee, in his findings of fact, indicated that Claimant was employed in Alabama, while Claimant, in his brief, indicated that he was employed in Mississippi. We will adopt Claimant's place of employment as Alabama, which is consistent with the referee's finding of fact.

4. Section 402(b) provides, in pertinent part, that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. 43 P.S. § 802(b).

5. Section 401(f) provides, in pertinent part, that compensation shall be payable to any employee who is unemployed, and who has earned, subsequent to his separation from work under circumstances which are disqualifying under, *inter alia*, Section 402(b), remuneration equal to or in excess of six times his weekly benefit rate. 43 P.S. § 801(f).

compelling" reason as required by the Law. Claimant appealed the referee's order to the Board and the Board affirmed the referee's decision. Claimant now petitions this Court for review of the Board's order, asserting as the sole ground for review that the reason for his voluntary quit was necessitous and compelling.[6]

◼ A cause of a necessitous and compelling nature exists where there are circumstances that force one to terminate his employment that are real and substantial and would compel a reasonable person under those circumstances to act in the same manner. *Livingston v. Unemployment Compensation Board of Review*, 702 A.2d 20 (Pa.Cmwlth.1997). As stated by the Supreme Court in *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 359, 378 A.2d 829, 833 (1977), quoting from the *Sturdevant Unemployment Compensation Case*, 158 Pa.Super. 548, 557, 45 A.2d 898, 903 (1946):

> A worker's physical and mental condition, his personal and **family** problems, the authoritative demand of legal duties—these are circumstances that exert pressure upon him and imperiously call for decision and action.
>
> When therefore the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, circumstances *compel* the decision to leave employment, the decision is voluntary in the sense that the worker has willed it, but involuntary because outward pressures have compelled it. Or to state it differently, if a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or **family** obligations, his leaving is voluntary with good cause, and under the act he is entitled to benefits.

(Emphasis added.)

Claimant asserts that domestic responsibilities, including the care for small children, may constitute cause of a necessitous and compelling nature to voluntarily quit a job. Indeed, this Court has consistently upheld the granting of benefits where a claimant voluntarily quit in order to care for small children. *See Truitt v. Unemployment Compensation Board of Review*, 527 Pa. 138, 589 A.2d 208 (1991) (claimant had a necessitous and compelling reason to quit due to her inability to locate suitable child care after her regular babysitter was incapacitated); *Hospital Service Ass'n. of Northeastern Pa. v. Unemployment Compensation Board of Review*, 83 Pa.Cmwlth. 165, 476 A.2d 516 (1984) (claimant had a necessitous and compelling reason to quit where her night position was eliminated by employer and she was unable to locate suitable child care in order to accept a day position with that employer); *Blakely v. Unemployment Compensation Board of Review*, 76 Pa.Cmwlth. 628, 464 A.2d 695 (1983) (recognizing that the inability of a parent to care for children may constitute a necessitous and compelling cause for leaving work.) In all of these cases, the general theory was that the claimants quit their employment because of a work schedule that conflicted with their child care responsibilities. Nevertheless, in such situations, the claimants were **required** to prove that they explored alternative child care arrangements **before** terminating employment.

◼ In child care cases, the generic issue, as delineated above, is whether the claimant explored alternative child care arrangements before terminating employment. Such a determination, however, of whether child care arrangements were sufficiently explored, must be made on a case by case basis since the facts are different in almost every instance. Accordingly, our analysis must deal with the unique circumstances presented in this appeal.

---

**6.** Our review of an unemployment compensation case is limited to determining whether constitutional rights were violated, errors of law were committed, or whether findings of fact are supported by substantial evidence. *Johnson v. Unemployment Compensation Board of Review*, 744 A.2d 817 (Pa.Cmwlth. 2000).

The case appears to present an issue of first impression. Typically, in order to prove a necessitous and compelling reason to quit, a claimant must establish that he or she exhausted all other alternative child care arrangements, such as a concerted effort to find another baby-sitter or find a suitable day care center. *Truitt; Hospital Service Association.* But that type of problem, however, is not at issue in this case; in fact, Claimant's eleven year old son *had* adequate supervision living with his grandmother while Claimant was working in Alabama. The circumstances surrounding Claimant's decision to voluntarily terminate his employment, instead, involve the child's emotional and behavioral problems and his **need** for his father to be home.

This is the unique legal issue in this case. The Board does not challenge the fact that Claimant quit his job for that reason, i.e. in order to provide that type of help to his son. Instead, the Board draws a legal conclusion that Claimant's testimony fails to establish that he quit due to a necessitous and compelling reason without delving into the real reasons underlying Claimant's decision to stop working in Alabama and return to Pennsylvania to be with his son. The Board argues instead that Claimant failed to establish that he could not have brought his son to live with him in Alabama, but ignores the fact that Claimant's job in Alabama was only temporary and could have ended at any time. The Board fails to recognize that Claimant returned to Pennsylvania in order to provide his son with the necessary emotional and psychological support that he needed. The fact that his grandmother was physically taking care of him is only one part of the equation. The child also needed the psychological support that only Claimant could provide. We hold, therefore, that a cause of a necessitous and compelling nature may exist where a claimant voluntarily terminates his employment in order to care for his emotionally or behaviorally disturbed child.

It is undisputed that during Claimant's one-week stay in November with his child, the child's emotional and behavioral problems improved markedly. In addition, there is nothing in the record to suggest that the boy's mother was even a factor in his life. Based on these circumstances, Claimant decided that he had no choice but to return home to be with his son. We believe that the referee's findings, adopted by the Board, fully support a legal conclusion that Claimant had a necessitous and compelling cause to voluntarily quite his employment.

Order reversed.

## ORDER

**NOW**, September 20, 2000, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

Judge KELLEY concurs in the result only.