**Eilene SHAFFER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 18, 2007.

Decided June 25, 2007.

---

Eilene Shaffer, petitioner, pro se.

<br>

Jason M. Worley, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Eilene Shaffer (Claimant), proceeding *pro se*,[1] petitions for review of the October 20, 2006, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee and holding that Claimant was ineligible for unemployment compensation benefits pursuant to section 402(b) of the Unemployment Compensation Law (Law).[2] We affirm.

Claimant was employed by Lenox Collections (Employer) from February 11, 1992, until July 19, 2006, when she resigned from her position as a part-time, inside sales representative. When Claimant began working for Employer, Employer's offices were located in Langhorne, Pennsylvania; however, Employer moved its place of business to Bristol, Pennsylvania on July 19, 2006. Employer's new location is between ten and eleven miles farther away from Claimant's home than Employer's old location and adds an additional fifteen to thirty minutes each way to her daily commute. (UCBR's Findings of Fact, Nos. 1–5.)

Before Employer relocated, Claimant's in-laws provided daycare services for

---

1. Our supreme court has adopted the Commonwealth Court's position that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985) (quoting *Groch v. Unemployment Compensation Board of Review*, 81 Pa.Cmwlth. 26, 472 A.2d 286, 288 (1984)).

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides that a claimant is ineligible for compensation if her unemployment is due to her voluntarily leaving employment without cause of a necessitous and compelling nature. 43 P.S. § 802(b).

Claimant's five-year-old daughter; however, Claimant's in-laws were unable to continue providing daycare after Employer's move because of the additional commute time involved. Moreover, when Employer was located in Langhorne, Claimant was able to see her fifteen-year-old son off to high school each day and be there when he returned home; however, as a result of her longer commute, Claimant would no longer be able to do this. (UCBR's Findings of Fact, Nos. 6–11.)

Before resigning her position, Claimant explored the possibility of sending her five-year-old daughter to a daycare facility near her home but determined that it would not be cost effective. On July 19, 2006, Claimant voluntarily terminated her position due to the childcare issues related to Employer's relocation and resulting increase in Claimant's commute time. (UCBR's Findings of Fact, Nos. 12–13.)

Subsequently, Claimant filed for unemployment compensation benefits, which were denied by the local service center. Claimant appealed, and, following a hearing,[3] the referee affirmed, concluding that Claimant failed to satisfy her burden of proving she left work for reasons of a necessitous and compelling nature. Claimant then appealed to the UCBR, which affirmed the decision of the referee denying benefits. In doing so, the UCBR found that Claimant failed to present evidence regarding additional efforts made to address the childcare problems created by Employer's relocation, such as securing alternative childcare for her daughter with other daycare facilities or other relatives, or having her son enroll in an after school activity or stay with a relative or neighbor before and after school. (UCBR's Findings of Fact, Nos. 14–15.) Claimant now appeals to this court.[4]

■ Claimant argues that the UCBR erred in denying her benefits based on its determination that she failed to demonstrate a necessitous and compelling reason to terminate her employment. Claimant contends that Employer's relocation constituted such cause where it rendered her current childcare arrangements unworkable and where an alternative childcare arrangement was financially impracticable.[5] We disagree.[6]

3. Before the referee, Claimant explained her decision to leave her position with Employer, testifying, *inter alia*, that: (1) as a result of Employer's relocation, Claimant would have to leave for work before her son left for school and would arrive home after he did; (2) she did not approve of children leaving for or coming home from school alone; and (3) she looked at a nearby daycare for her daughter but that it would not be cost effective to send her daughter there. (O.R., N.T. 1–8.)

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. In a voluntary termination case, the claimant has the burden of proving that she left the employment for cause of a necessitous and compelling nature. *Ganter v. Unemployment Compensation Board of Review*, 723 A.2d 272 (Pa.Cmwlth.1999). Cause of a necessitous and compelling nature has been defined as circumstances that produce real and substantial pressure to terminate one's employment and that would compel a reasonable person to do the same. *Id.* Whether one had a necessitous and compelling reason for quitting one's job is a legal conclusion and is fully reviewable by this court. *Id.*

6. As a threshold matter, the UCBR argues that Claimant's appeal should be quashed because her brief does not comply with Pa. R.A.P. 2119 which sets forth the requirements for an appellant's argument. The UCBR contends that the argument section of Claimant's brief is deficient because she fails to adequately develop the arguments raised in the Statement of Questions Involved and cites no

 The inability of a parent to care for her child may constitute a necessitous and compelling reason for terminating employment.[7] *Ganter v. Unemployment Compensation Board of Review*, 723 A.2d 272 (Pa.Cmwlth.1999). Typically, in order to prove a necessitous and compelling reason to quit, a claimant must establish that she exhausted all other alternative childcare arrangements, such as making a concerted effort to find another baby-sitter or locate a suitable day care center. *Beachem v. Unemployment Compensation Board of Review*, 760 A.2d 68 (Pa.Cmwlth. 2000).

The record here reveals that Claimant investigated only *one* daycare facility for her daughter, which she determined was not a cost effective alternative, but Claimant did not offer evidence that she looked into any *other* childcare arrangements. (O.R., N.T. at 5–6.) Moreover, Claimant offered no evidence that she explored alternative arrangements for her son's before and after school care. Under these circumstances, we conclude that Claimant did not establish that she made a concerted effort to find alternative childcare arrangements. Therefore, the UCBR did not err in holding that Claimant failed to meet her burden of proving that she had cause of a necessitous and compelling reason to voluntarily terminate her employment.

Accordingly, we affirm.

legal authority to support her position. *See Id.* We decline to quash Claimant's appeal on this basis.

This court will quash appeals when substantially defective briefs impede us from conducting meaningful appellate review. *Grosskopf v. Workmen's Compensation Appeal Board (Kuhns Market)*, 657 A.2d 124 (Pa. Cmwlth.), *appeal denied*, 542 Pa. 677, 668 A.2d 1139 (1995). When a brief is inadequate to present specific issues for review, the court

*ORDER*

AND NOW, this 25th day of June, 2007, the order of the Unemployment Compensation Board of Review, dated October 20, 2006, is hereby affirmed.

will not consider the merits of the case. *Id.* Here, it is evident that Claimant is arguing that the UCBR erred in denying her benefits where her childcare difficulties produced real and substantial pressure for her to terminate her position. Therefore, we conclude that Claimant has adequately presented a specific issue for this court to review.

7. We note that domestic childcare problems are deserving of both recognition and individualized determinations. *Ganter.*