# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michele Havrilchak, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1054 C.D. 2015 |
| | : | Submitted: October 30, 2015 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:  HONORABLE BERNARD L. McGINLEY, Judge
        HONORABLE ROBERT SIMPSON, Judge
        HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: December 14, 2015**

Michele Havrilchak (Claimant), representing herself, petitions for review from the order of the Unemployment Compensation Board of Review (Board) that determined she was ineligible for unemployment compensation (UC) benefits pursuant to Section 402(b) of the UC Law (Law) (voluntary quit).[1] Claimant contends the Board erred in determining she quit without cause of a necessitous and compelling nature. She argues her medical condition precluded her from returning to full-time employment. Discerning no error below, we affirm.

## I. Background

Claimant worked for Physician's Health Alliance-Scranton Quincy Clinic (Employer) as a medical technician from 2011 until September 2014 when

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b).

she took leave for her pregnancy. Originally, her leave was scheduled to end in November 2014. She requested extended leave, which Employer granted through early January. When her physician released her to return to work, Claimant requested to return to work in a part-time capacity. Employer had no part-time positions available, and it offered her only a full-time position. Claimant refused to return to work in a full-time capacity. As a result, Employer issued a letter advising that Claimant's refusal to return to work on a full-time basis ended the employment relationship.

Upon receiving Employer's letter, Claimant filed for UC benefits, which the service center denied. She then appealed to a referee who held a hearing. Employer did not appear at the hearing. Claimant testified on her own behalf.

The referee affirmed the denial of UC benefits, reasoning Claimant did not establish a necessitous and compelling reason to quit. The referee made the following pertinent findings:

5. [Claimant] delivered her child on October 18, 2014.

6. [Claimant] requested extended leave [beyond November 28, 2014,] and was granted such.

7. On January 3, 2015, [Claimant] was released by her doctor to return to work.

8. [Claimant] requested to return on a part-time basis, rather than return to a full-time position.

9. [Employer] offered [Claimant] her full-time position, but [Claimant] refused.

2

Referee's Dec., 3/18/15, Findings of Fact (F.F.) Nos. 5-9. Claimant appealed to the Board.

The Board affirmed the referee, adopting her findings and conclusions. In addition, the Board found Claimant requested to return to part-time work "if only for several weeks, in order to acclimate to a schedule with her new baby, as she did when her second child was born. [Employer] informed [Claimant] that no part-time work was available in that office. [Claimant] chose to quit rather than return to her full-time position." Bd. Op., 5/12/15, at 1. Thus, the Board concluded Claimant did not establish grounds for a voluntary quit under Section 402(b) of the Law.

Claimant now petitions for review.

## II. Discussion

On appeal,[2] Claimant argues the Board erred in determining that she quit her employment. She contends Employer terminated her despite her willingness to return to work. She also claims she did not have the opportunity to explain her medical condition to her supervisor before she was terminated.

A determination of whether a claimant's separation from employment was a voluntary resignation or a discharge is made by examining the totality of the facts surrounding the claimant's termination of employment. Pa. Liquor Control

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Doyle v. Unemployment Comp. Bd. of Review, 58 A.3d 1288 (Pa. Cmwlth. 2013).

3

Bd. v. Unemployment Comp. Bd. of Review, 648 A.2d 124 (Pa. Cmwlth. 1994). We make this determination based on the Board's findings. Id.

Additionally, a claimant may not "unilaterally change the terms of [her] employment from full-time to part-time employment." Senkinc v. Unemployment Comp. Bd. of Review, 601 A.2d 418, 420 (Pa. Cmwlth. 1991). This Court also holds that "mere discontent with wages, hours and working conditions is not adequate to cause a necessitous and compelling reason for an employee to quit." Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review, 906 A.2d 657, 663 (Pa. Cmwlth. 2006).

Based on the totality of the circumstances, we reject Claimant's characterization of her separation as a termination from employment. Notably, Claimant admitted she restricted her work hours "voluntarily." Certified Record (C.R.), Item No. 2 (Initial Claim). In addition, Claimant explained that because Employer allowed her to return to work part-time after she had her second child, "when [her] third child was born[,] [she] was hoping and expecting to return to work at a part time basis[,] [u]ntil [she] could become acclimated to the new routine of [her] life." Id. Also, during her interview with the service center, Claimant admitted she did not return to work full-time "because I needed to get acclimated to my new life schedule." C.R., Item No. 5 (Oral Interview).

Further, Claimant repeatedly acknowledged that Employer "made [her] aware that there is no part[-]time position available for [her]." C.R., Item No. 2; see also C.R., Item No. 5 (stating "I asked to return [part-time] and they told me

4

that they had no [part-time] work for me."). Thus, Claimant was aware of the consequences when she refused to return to work on a full-time basis.[3]

Because Employer offered Claimant full-time employment, which she refused, the totality of the circumstances reflect a voluntary quit, not a termination. Id.; see Andrevich v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 658 C.D. 2010, filed March 7, 2011) (unreported), 2011 WL 10843696 (claimant's refusal to return to work full-time after maternity leave constitutes a voluntary quit). As a consequence, Claimant is ineligible for benefits unless she can establish a necessitous and compelling reason for leaving her employment.

Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature …." 43 P.S. §802(b). The question of whether a claimant has a necessitous and compelling reason to terminate employment is a question of law reviewable by this Court. Middletown Twp. v. Unemployment Comp. Bd. of Review, 40 A.3d 217 (Pa. Cmwlth. 2012).

---

[3] Moreover, the Board's findings are supported by substantial evidence. Claimant's statements in her submissions, like the "claimant questionnaire," the "internet claim form," and the "initial interview form," constitute party admissions that are admissible as an exception to the hearsay rule. Stugart v. Unemployment Comp. Bd. of Review, 85 A.3d 606 (Pa. Cmwlth. 2014); see also Direnna v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 754 C.D. 2014, filed February 20, 2015) (unreported) (upholding Board decision crediting admissions in claimant's submissions). "[A]dmissions constitute independent evidence of themselves and are therefore capable of independently providing competent evidence to support the findings of the Board." Unemployment Comp. Bd. of Review v. Houp, 340 A.2d 588, 591 (Pa. Cmwlth. 1975).

An employee who claims to have left employment for a necessitous and compelling reason bears the burden of proof. Id. To prove a necessitous and compelling reason for leaving employment, a claimant must demonstrate the following: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve her employment. Solar Innovations, Inc. v. Unemployment Comp. Bd. of Review, 38 A.3d 1051 (Pa. Cmwlth. 2012). An employer has no burden of proof in a voluntary quit case. Johnson v. Unemployment Comp. Bd. of Review, 869 A.2d 1095 (Pa. Cmwlth. 2005).

Here, Claimant asserts that a medical condition precluded her from returning to work full-time. In her questionnaire, Claimant stated she left Employer for health reasons. C.R., Item No. 2. Specifically, she stated she had "post-partum depression anxiety;" as her work limitations she stated "part[-]time until acclimated." Id.

A claimant has the burden to establish a medical condition as a compelling reason to leave work. Genetin v. Unemployment Comp. Bd. of Review, 451 A.2d 1353 (Pa. 1982). Part of that burden involves submitting documentation substantiating a claimant's medical condition to her employer. Bonanni v. Unemployment Comp. Bd. of Review, 519 A.2d 532 (Pa. Cmwlth. 1986).

6

Here, the record contains no indication that Claimant was unable to return to work full-time based on medical necessity. To the contrary, Claimant admitted her doctor released her to return to work on January 3, 2015. Referee's Hr'g, Notes of Testimony (N.T.), 3/16/15, at 5. The record is devoid of any testimony by Claimant that she was unable to return to work full-time for a medical reason. Indeed, Claimant consistently framed her request in terms of preferences, not necessity. See N.T. at 6 (Claimant testified she "wanted that couple of weeks to get – two weeks even, just to get into the routine again.").

Also, Claimant did not submit any documentation to Employer about her medical condition to establish the necessity for a part-time position. Bonanni. Thus, Claimant did not establish her alleged medical condition as a necessary and compelling justification for leaving employment. Id.

Further, Claimant offered no other grounds for concluding that her quit was involuntary. Significantly, Employer allowed Claimant to remain at home three more weeks after her physician released her to return to work. During that period, Claimant communicated with various supervisors and a representative of human resources. In fact, Claimant spoke to a human resources representative on January 27, 2015, the day before she received the letter from Employer stating that if she could not return to full-time, then it had no position for her. See C.R., Item No. 7 (Letter). Despite having an additional three weeks to acclimate, Claimant was still unwilling to return to work full-time on January 27, 2015. N.T. at 7 ("I was ready, like, not full time at that point."). Such conduct was not consistent with a desire to remain employed. Monaco v. Unemployment Comp. Bd. of Review, 565 A.2d

7

127, 130 (Pa. 1989) (when claimant was "offered a real choice between alternatives and chose to leave [her] employment" the separation was voluntary).

Based on our review of the record, Claimant did not meet her burden of proving a necessitous and compelling reason to quit. See Solar Innovations. First, Claimant did not show substantial pressure to end her employment. Further, Claimant also did not make a reasonable effort to preserve her employment. Knowing part-time work was not available, she chose to separate from Employer rather than to try to return to her prior full-time position. Monaco. By refusing Employer's offer of full-time employment, Claimant did not take the steps necessary to remain employed. Id. Claimant's personal preference to acclimate to a part-time schedule before returning full-time does not constitute necessitous and compelling cause.

In short, the record supports the Board's findings that Claimant did not prove a necessitous and compelling reason to quit. In turn, these findings support the Board's determination of ineligibility.

## III. Conclusion

Based on the forgoing, we affirm the Board's order determining Claimant ineligible for UC benefits under Section 402(b) of the Law.

_____
ROBERT SIMPSON, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michele Havrilchak,                              :
                Petitioner     :
                              :
          v.                                  :     No. 1054 C.D. 2015
                              :
Unemployment Compensation           :
Board of Review,                                 :
                Respondent     :

# **O R D E R**

**AND NOW**, this 14th day of December, 2015, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

ROBERT SIMPSON, Judge