IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marina Normatova,             :
         Petitioner       :
                      :
      v.               :
                      :
Unemployment Compensation  :
Board of Review,          :   No. 1057 C.D. 2021
         Respondent    :   Submitted: June 10, 2022


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: September 7, 2022


        Marina Normatova (Claimant) petitions for review of the September 7, 2021 order of the Unemployment Compensation Board of Review (Board) that reversed a referee's decision and found Claimant ineligible for benefits under section 402(b) of the Unemployment Compensation Law (Law),[1] which provides that a claimant shall be ineligible for benefits in any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

## I.    Background

Claimant worked as a full-time[2] patient care technician for UPMC (Employer) from November 20, 2018, through September 6, 2020.[3]  *See* Board Decision and Order dated September 7, 2021 (Board Decision) at 1, Findings of Fact (FF) No. 1.  Claimant has two children aged 7 years and 16 months as of the time of the hearing in this matter.  *See* Board Decision at 1, FF No. 2; Notes of Testimony 4/12/2021 (N.T.) at 3.  The onset of the COVID-19 pandemic in March 2020 complicated Claimant's childcare situation.  *See* N.T. at 3.  She tried to change her schedule to work nights and weekends to compensate[4] but felt too tired as a result. *See* Board Decision at 1, FF No. 3; N.T. at 4.  Claimant did not put her children in care at a YMCA located seven miles away because she felt it was too far from her home and inconvenient.  *See* Board Decision at 1, FF No. 4; N.T. at 4-6.  She did not put her children in the on-site childcare available at her work because she felt it was too expensive.  *See* Board Decision at 5; N.T. at 6.  Claimant's husband, as the family's primary provider, could not watch the children.  *See* Board Decision at 1, FF No. 6; N.T. at 3-4.  Ultimately, Claimant quit her job in September 2020 to stay home with her children.  *See* Board Decision at 1, FF No. 7.

Thereafter, Claimant applied for unemployment compensation (UC) benefits, which the UC Service Center denied on March 2, 2021, ruling her ineligible under section 402(b) of the Law.  *See* Referee's Decision/Order dated May 17, 2021

---

[2] Prior to the onset of the COVID-19 pandemic, Claimant worked 36 hours per week in three 12-hour shifts per week.  *See* Notes of Testimony 4/12/2021 (N.T.) at 4 & 7.

[3] Claimant indicated in her testimony before the referee that she was also a nursing student at this time.  *See* N.T. at 3 & 8.

[4] Employer moved Claimant to a "resource pool" as an accommodation to allow Claimant to maintain her full-time status by working weekends in lieu of weekdays.  *See* N.T. at 4 & 7.

(Referee's Decision) at 1 (pagination supplied). Claimant timely appealed to a referee and a hearing was held on April 12, 2021. At the hearing, Claimant proceeded *pro se* and testified on her own behalf. *See* N.T. at 1 & 3-7. Employer also participated and presented testimony at the hearing.[5] *See id.* at 1-9. Based on the testimony and other evidence presented,[6] the referee reversed the decision of the UC Service Center, found Claimant not ineligible under section 402(b) of the Law, and granted Claimant benefits. *See* Referee's Decision at 2-3.

Employer appealed to the Board. After reviewing the record and the Referee's Decision, the Board determined that Claimant voluntarily quit her job with Employer to stay home with her children and determined that Claimant was ineligible for UC benefits under section 402(b) of the Law. *See* Board Decision. Therefore, the Board reversed the Referee's Decision and denied Claimant UC benefits. *See id.* at 2. Claimant then petitioned this Court for review.[7]

---

[5] Employer was represented at the hearing by its tax consultant representative, Michelle Woltshock, and presented the testimony of Lindsay Kelley, whose role with Employer was not specified, but who appeared from the testimony to work in a human resources capacity. *See* N.T. at 1-2 & 7-8.

[6] Prior to taking testimony, the referee entered into evidence, without objection, documents relevant to Claimant's UC benefits application, the UC Service Center's denial of benefits, and Claimant's appeal documents and attendant forms, as well as claim record printouts relating to the case. *See* N.T. at 2.

[7] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

## II. Issues

On appeal, Claimant contends that the Board erred by reversing the referee's determination that she was not ineligible for UC benefits under section 402(b) of the Law. *See* Claimant's Brief at 6, 12-14. Claimant is not entitled to relief.

## III. Discussion

Initially, we note:

> the Board, not the referee, is the ultimate fact finding body and arbiter of credibility in UC cases. Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review. The Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief. We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings.

*Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 1224, 1227-28 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted).

Section 402(b) of the Law provides that an employee will be ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). "Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Comp. Bd. of Rev.*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997).

"A claimant who voluntarily terminates [her] employment has the burden of proving that a necessitous and compelling cause existed." *Solar*

*Innovations, Inc. v. Unemployment Comp. Bd. of Rev.*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012).  An employee who claims to have left their employ for a necessitous and compelling reason must prove:

> (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Rev.,* 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

Regarding an employee who asserts difficulties securing childcare as a cause of a necessitous and compelling nature to justify voluntary termination, this Court has explained:

> The inability of a parent to care for her child may constitute a necessitous and compelling reason for terminating employment.  Typically, in order to prove a necessitous and compelling reason to quit, a claimant must establish that she exhausted all other alternative childcare arrangements, such as making a concerted effort to find another baby-sitter or locate a suitable day care center.

*Shaffer v. Unemployment Comp. Bd. of Rev.*, 928 A.2d 391, 394 (Pa. Cmwlth. 2007) (internal citations and footnote omitted).  This Court has determined that where a claimant's childcare situation changes but the claimant fails to establish that she made a concerted effort to find alternative childcare arrangements, the Board does not err in holding that the claimant failed to meet her burden of proving a cause of a necessitous and compelling reason to voluntarily terminate employment.  *See id.*

5

(claimant's investigation of one daycare that she determined to be too expensive, without evidence of having attempted to secure other childcare arrangements, did not constitute a concerted effort to find alternative childcare arrangements so as to merit eligibility for unemployment compensation benefits pursuant to section 402(b) of the Law).

As the prevailing party below, Employer is entitled to the benefit of all reasonable inferences drawn from the evidence on review. *See Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

In the instant matter, the record reveals that when the COVID-19 pandemic presented childcare complications,[8] Claimant rejected multiple alternative childcare options that would have allowed her to continue working for Employer. First, Claimant rejected the option of on-site childcare at her place of work as too expensive. Second, she deemed the option of childcare at a YMCA located only seven miles from her home to be too far and inconvenient. Claimant further testified that her husband was the primary financial provider for the family and thus could not help with childcare despite his flexible schedule. While she mentioned without elaboration that her mother "left" in August,[9] Claimant did not explain why receiving help from family or otherwise hiring a babysitter was not an option.

Based on this record, we conclude that substantial evidence existed to support the Board's necessary findings of fact that Claimant voluntarily quit to stay home with her children. *See* Board Decision at 2. We are therefore bound by this finding. *See Waverly Height*s, 173 A.3d at 1228. Because Claimant voluntarily quit

---

[8] We note that Claimant continued to work for over six months after the declaration of the global pandemic in March 2020.

[9] *See* N.T. at 8.

6

to stay home with her children, the Board did not err in concluding that Claimant lacked cause of a necessitous and compelling nature to terminate her employment.[10] *See Shaffer*. Accordingly, we affirm the Board's Decision reversing the Referee's Decision and determining that Claimant was ineligible for UC benefits under section 402(b) of the Law.

 

                               _____

                               CHRISTINE FIZZANO CANNON, Judge

---

[10] To the extent Claimant relies on *Truitt v. Unemployment Compensation Board of Review*, 589 A.2d 208 (Pa. 1991), for the proposition that a lack of childcare can present a necessitous and compelling reason to quit employment, we note that the instant matter is distinguishable on its facts. *See* Claimant's Br. at 12-13. *Truitt* involved a single mother raising two children who needed to quit her job to care for her children after being deprived of childcare by a sudden physical disability suffered by her babysitter. *See Truitt*, 589 A.2d at 209-10. The instant matter differs in that it involves a married claimant with multiple childcare options available but not preferred and who ultimately ceased working over six months after the onset of the circumstance that complicated her childcare situation.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marina Normatova,                          :
                Petitioner                :
                             :
       v.                                :
                             :
Unemployment Compensation                  :
Board of Review,                           :   No. 1057 C.D. 2021
                Respondent              :

## O R D E R

AND NOW, this 7th day of September, 2022, the September 7, 2021 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge