# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shanyse Rushemeza, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1586 C.D. 2022 |
| | : | 1587 C.D. 2022 |
| Unemployment Compensation | : | 1588 C.D. 2022 |
| Board of Review, | : | 1589 C.D. 2022 |
| Respondent | : | |
| | : | Submitted: June 4, 2024 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                                                      FILED: July 8, 2024

Shanyse Rushemeza (Claimant) petitions for review from four identical decisions of the Unemployment Compensation Board of Review (Board), affirming a Referee's determinations finding her ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]  For the reasons that follow, we affirm.

## BACKGROUND

Claimant was employed by Fulton Bank NA from September 2018 through March 12, 2021, as a full-time repossession administrator at a rate of pay of $18.75 per hour.  She was earning approximately $36,000 annually.  Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (relating to leaving work without cause of a necessitous and compelling nature).

resides with her husband who earns approximately $38,000 annually. Certified Record (C.R.) at 83, Referee's Finding of Fact (F.F.) Nos. 1, 3-4.

After her last day of work on March 12, 2021, Claimant went on maternity leave with a scheduled return date of May 4, 2021. Prior to her scheduled return date, Claimant researched daycare centers and found the most reasonable option to be approximately $200 per week. Claimant did not return to work after the expiration of her maternity leave; rather, she resigned due to the cost of childcare. C.R. at 82, F.F. Nos. 2, 5-6.

Claimant then filed for unemployment compensation benefits. Claimant continued to search for work after her separation. She remained able and available for work from home and was also available to work during weeknights and on weekends when her husband was available to watch their child. C.R. at 82, F.F. Nos. 7-9.

Following a review and investigation of Claimant's claim for unemployment compensation benefits, the UC Service Center found her ineligible. Claimant appealed and a hearing was held before a Referee. Employer did not attend the hearing. C.R. at 83, Referee's Decision at 2.

The Referee denied benefits pursuant to Section 402(b) of the Law. The Referee acknowledged that lack of childcare may, in some cases, give rise to a necessitous and compelling reason for voluntary separation from employment; however, in this case, given the combined incomes of Claimant and her husband, the Referee determined that the issue was not a lack of childcare, but rather Claimant's belief that she was unable to afford childcare. Based on the totality of the credible evidence presented, the Referee determined that Claimant was not in a more favorable financial situation as a result of resigning; rather, "[C]laimant made a

personal choice to not . . . place her child in daycare." C.R. at 84, Referee's Decision at 3. Thus, the Referee held that Claimant did not establish a necessitous and compelling reason for her separation from employment. *Id.*[2]

For the compensable weeks ending June 5, 2021, through November 27, 2021, Claimant received regular unemployment compensation benefits in the amount of $10,088. For compensable weeks ending June 5, 2021 through September 4, 2021, Claimant received federal pandemic unemployment compensation benefits in the amount of $4,200. C.R. at 82, F.F. Nos. 10-11. The Referee held that Claimant had a nonfault overpayment for the unemployment compensation benefits and a nonfraud overpayment for federal pandemic unemployment compensation benefits.

Claimant appealed and the Board affirmed, adopting and incorporating the Referee's findings and conclusions. Claimant filed petitions for review to this Court. By order dated April 27, 2023, this Court granted the Board's motions to consolidate Claimant's appeals.

## ISSUE

On appeal,[3] Claimant challenges the Board's determination that she did not have a necessitous and compelling reason for her voluntary separation under Section 402(b) of the Law.

---

[2] The Referee further held that Claimant was able and available for work pursuant to Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1) (pertaining to whether a claimant is able and available for suitable work). This portion of the Referee's ruling is not in dispute.

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**DISCUSSION**

In an unemployment compensation case, the Board's findings of fact are binding on appeal if the findings, after reviewing the record as a whole, are supported by substantial evidence. *Brandt v. Unemployment Comp. Bd. of Rev.*, 643 A.2d 78, 79 (Pa. 1994). Substantial evidence has been defined by this Court as "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). We examine the evidence and testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences logically and reasonably drawn from the evidence. *Id.* The critical consideration in assessing the Board's findings is not whether evidence exists in the record that *could* support a contrary finding, but rather, whether there is evidence to support the findings the Board made. *Rodriguez v. Unemployment Comp. Bd. of Rev.*, 174 A.3d 1158, 1163 (Pa. Cmwlth. 2017).

Under Section 402(b) of the Law, an employee is ineligible for unemployment benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." In a voluntary quit case, the claimant has the burden of proving the right to unemployment compensation benefits. *St. Clair Hosp. v. Unemployment Comp. Bd. of Rev.*, 154 A.3d 401, 404 (Pa. Cmwlth. 2017) (en banc). Although the Law does not define the term "necessitous and compelling," case law has discussed it. An employee who claims to have left employment for a necessitous and compelling reason must prove that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary

4

common sense; and (4) the claimant made a reasonable effort to preserve her employment. *Fitzgerald v. Unemployment Comp. Bd. of Rev.*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998).

The inability of a parent to care for a child may constitute a necessitous and compelling reason for terminating employment. *See Truitt v. Unemployment Comp. Bd. of Rev.*, 589 A.2d 208, 210 (Pa. 1991); *Shaffer v. Unemployment Comp. Bd. of Rev.*, 928 A.2d 391, 394 (Pa. Cmwlth. 2007); *Gantner v. Unemployment Comp. Bd. of Rev.*, 723 A.2d 272, 274 (Pa. Cmwlth. 1999). In order to prove a necessitous and compelling reason to quit, a claimant must establish that she exhausted all other alternative childcare arrangements, such as making a concerted effort to find another babysitter or locate a daycare center. *Shaffer*.

Here, Claimant notes that she and her husband make a combined $74,000 annually while the cost of daycare (at the least expensive daycare center that Claimant could find) would total over $10,000 annually. Claimant contends that case law appears to reflect that the standard applied in these situations is whether childcare expenses would total more than what an employee earns. Claimant asserts this is an unreasonable standard and that, for public policy reasons, this Court should set a lesser standard. "[Claimant] advocates for this Honorable Court to adopt the standard of it being a necessitous and compelling reason to terminate employment where the least expensive childcare available would cost more than 25% of an employee's gross salary . . . ." Claimant's Brief at 11.

In response, the Board contends that Claimant failed to show that her decision to resign due to the cost of childcare constituted a necessitous and compelling reason to quit. The Board correctly held that, considering Claimant and

5

her husband's combined income, preserving her employment would not have created circumstances that necessitated Claimant to voluntarily quit employment.

The Board notes that by quitting her employment, Claimant lost nearly 50% of her total household income whereas, if she had continued to work, the cost of childcare (at $200 per week) would have amounted to only approximately 14% of her total household income. Board's Brief at 7. Claimant was not in a more favorable financial situation as a result of resigning; rather, Claimant made a personal choice to not pay to place her child in daycare. *Id.* The facts of this case are similar to those presented in *Elmolla v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 811 C.D. 2014, filed January 23, 2015) (holding that the claimant failed to establish an inability to afford childcare and that quitting merely removed the childcare expense), slip op. at 6.[4] Furthermore, the Board argues, Claimant's recommendation for a 25% threshold is arbitrary and unsupported by the Law.

Based on our review of the record, we cannot say that the Board erred in concluding that Claimant failed to establish a necessitous and compelling reason for her separation from employment. Admittedly, the cost of childcare is burdensome, and we empathize with Claimant's situation. Nevertheless, the record is devoid of any evidence establishing that Claimant was unable to afford childcare.

Instead, Claimant asks this Court to issue an arbitrary, across-the-board standard that if a claimant's childcare expenses total more than 25% of the claimant's salary, they have a necessitous and compelling reason to leave employment.

---

[4] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

6

Obviously, this Court is in no position to establish policy and make such a ruling. Claimant's efforts in this regard would be better focused on the Legislature.

As the Board aptly observed, Claimant's decision to quit her employment and reduce her family's household income in half did not improve her family's financial situation. Indeed, like the claimant in *Elmolla*, Claimant's decision to quit her employment in this case simply removed the potential childcare expense. Without more, we must conclude that Claimant has not met her burden of showing a necessitous and compelling reason to leave her employment.

Accordingly, the order of the Board is affirmed.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanyse Rushemeza, : **CASES CONSOLIDATED**
        Petitioner :
         :
      v. : Nos.   1586 C.D. 2022
         :         1587 C.D. 2022
         :         1588 C.D. 2022
Unemployment Compensation :         1589 C.D. 2022
Board of Review, :
        Respondent :

# **O R D E R**

AND NOW, this 8th day of July, 2024, the Unemployment Compensation Board of Review's orders dated December 13, 2022 are AFFIRMED.

 

 

_____
MATTHEW S. WOLF, Judge