# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Porco,       :
     Petitioner   :
            : No. 931 C.D. 2023
    v.      :
            : Submitted: August 9, 2024
Unemployment Compensation :
Board of Review,     :
     Respondent  :


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE MATTHEW S. WOLF, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**        **FILED: December 9, 2024**


Jennifer Porco (Claimant) has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board). The Board affirmed the decision of the Referee denying Claimant unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] On appeal, we consider whether Claimant established a necessitous and compelling reason to voluntarily quit her employment. After careful review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Unemployment Compensation Law (Law) provides that an employee is ineligible for benefits any week in which her unemployment is the result of her voluntary work departure without a necessitous and compelling cause. 43 P.S. § 802(b).

# I. BACKGROUND[2]

Claimant was employed full time as an accountant at Vogel Disposal Service, Inc. (Employer) from February 25, 2019, until January 4, 2022. Although this was a full-time position, in November of 2021, Claimant requested a modified, part-time schedule to address "mental health" issues with her 13-year-old daughter, who could not be left alone.[3] Employer temporarily approved Claimant's request to work from 8:30 a.m. to 2:30 p.m. so she could take her daughter to school and pick her up after school.

On January 4, 2022, Claimant took leave when her children tested positive for COVID-19. She was scheduled to return to work on Monday, January 24, 2022, but Claimant informed Employer that she was unable to return to work due to issues at home. On Tuesday, January 25, 2022, Claimant's husband passed away. Employer permitted Claimant additional leave but requested to know when she would return.

On February 25, 2022, Claimant advised Employer that she could return on a part-time basis commencing February 28, 2022. However, Employer informed Claimant that it could no longer accommodate her part-time schedule and needed her to return to work full-time. That same day, Claimant advised Employer that she would not be returning. Full-time work with Employer remained available.

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which is supported by substantial evidence. *See* Bd.'s Decision, 7/27/23.

[3] We have adopted one of Claimant's descriptions of her daughter's ailment. *See* Claimant's Br. at 5 (stating both "mental illness issues" and "mental health issues"). Claimant testified that her daughter had "some mental issues . . . [and] could not be left alone." Notes of Testimony (N.T.) Hr'g, 9/26/22, at 4. The Referee's finding mirrors that testimony. *See* Referee's Decision, 9/30/22, at 2. The Board inferred that Claimant's daughter had "emotional issues . . . ." Bd.'s Decision at 1. No medical or other expert testimony was presented to the Referee, and Claimant has not challenged the Board's findings. *See generally* N.T. Hr'g; Am. Pet. for Rev., 8/25/23.

However, Claimant voluntarily quit her employment rather than seek alternate arrangements for her daughter.

Claimant filed for unemployment benefits, but the Unemployment Compensation Service Center found her ineligible under Section 402(b) of the Law. Thereafter, a hearing was held before the Referee, who similarly found Claimant ineligible. Claimant appealed to the Board. The Board affirmed, adopting and incorporating the Referee's findings and conclusions. Claimant then petitioned this Court for review.

## II. ISSUE

On appeal, Claimant challenges the Board's determination that she did not have a necessitous and compelling reason for her voluntary separation under Section 402(b) of the Law. Claimant's Br. at 4.

## III. DISCUSSION[4]

### A. The Parties' Arguments

Claimant asserts that she is entitled to unemployment benefits. *Id.* at 10. According to Claimant, Employer had established a prior practice of permitting her reduced-hours schedule but then withdrew this permission, giving her only a single business day to find alternative arrangements for her daughter. *See id.* at 10-11. Although Claimant concedes that an employee must make reasonable efforts to

---

[4] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). In this case, Claimant does not challenge the Board's findings. Nevertheless, we note that the Board's findings are binding, if supported by substantial evidence. *Brandt v. Unemployment Comp. Bd. of Rev.*, 643 A.2d 78, 79 (Pa. 1994). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). Further, we view the evidence in the light most favorable to the prevailing party. *Id.*

3

preserve her employment, she argues that resignations rooted in childcare concerns must be examined on a case-by-case basis and notes, for example, that this Court has previously recognized that a parent may have a compelling and necessitous reason for resigning from employment to provide psychological and emotional support for a child. *Id.* at 12-13 (citing *Beachem v. Unemployment Comp. Bd. of Rev.*, 760 A.2d 68, 71 (Pa. Cmwlth. 2000)).

Claimant also disputes the Board's reliance on this Court's decision in *Havrilchak v. Unemployment Compensation Board of Review*, 133 A.3d 800, 802 (Pa. Cmwlth. 2015). *Id.* at 12. Unlike the *Havrilchak* claimant, Claimant suggests that she did not unilaterally change the terms of her employment because she had obtained prior approval for the reduction in her hours. *Id.* According to Claimant, Employer was aware of her childcare concerns when it approved her reduced-hours schedule but then provided insufficient time to secure other options for her daughter's care. *Id.* at 13.

In response, the Board contends that Claimant failed to make reasonable and concerted efforts to solve her childcare issues. Bd.'s Br. at 5-7 (citing *Shaffer v. Unemployment Comp. Bd. of Rev.*, 928 A.2d 391 (Pa. Cmwlth. 2007)). The Board rejects Claimant's suggestion that she was "blindsided" by Employer's demand that she return to full-time work, noting that Claimant's part-time schedule was always intended to be temporary. *Id.* Thus, according to the Board, Claimant's position is analogous to the *Havrilchak* claimant in that both sought to unilaterally change the terms of employment. *Id.* at 7-8.

The Board also disputes Claimant's reliance on *Beachem*. The Board notes, for example, that Claimant merely desired to keep a part-time schedule, whereas the *Beachem* claimant had established a need to quit his job entirely. *See*

*id.* at 8.  Further, the Board points to its specific findings in *Beachem* that the claimant was in a unique position to provide his child with specific emotional support.  *See id.* at 9.  There are no similar findings here, according to the Board, because Claimant only wanted to provide school transportation and keep her daughter from being alone when not at school.  *See id.*

Employer has also filed a brief in response to Claimant's appeal.  *See* Intervenor's Br.  For its part, Employer maintains that there is substantial evidence to support the Board's findings.  *See id.* at 9-10.  According to Employer, these findings demonstrate that Claimant did not explore alternative childcare arrangements.  *Id.* at 11-12.  Further, according to Employer, Claimant did not make reasonable efforts to preserve her employment; instead, she was unhappy with a full-time position, failed to address her childcare issues, and then sought to change the terms of her employment.  *Id.* at 13-14.

### B. Analysis

A claimant is ineligible for unemployment benefits if she voluntarily quits her job without a necessitous and compelling reason.  Section 402(b) of the Law, 43 P.S. § 802(b).  Whether a claimant has a necessitous and compelling reason for leaving employment is a question of law reviewable by this Court.  *Havrilchak*, 133 A.3d at 804.

A claimant bears the burden to prove that she left employment for a necessitous and compelling reason.  *Id.*  To satisfy this burden, a claimant must show (i) the existence of real and substantial pressure to terminate employment; (ii) that a reasonable person would have acted in the same manner; (iii) that she acted with ordinary common sense; and (iv) that she exercised reasonable efforts to preserve

5

her employment. *Id.*; *Greenray Indus. v. Unemployment Comp. Bd. of Rev.*, 135 A.3d 1147, 1151 (Pa. Cmwlth. 2016).

Our Supreme Court has long recognized that childcare concerns may constitute a necessitous and compelling reason for leaving employment. *See, e.g.*, *Truitt v. Unemployment Comp. Bd. of Rev.*, 589 A.2d 208 (Pa. 1991) (holding that the claimant had a necessitous and compelling reason to quit due to her inability to locate suitable childcare after her regular babysitter was incapacitated). Generally, these cases require a case-by-case analysis of a claimant's efforts to explore and exhaust alternative childcare arrangements before terminating employment. *Id.*; *Shaffer*, 928 A.2d at 394; *but see Beachem*, 760 A.2d at 71.

Initially, we conclude that Claimant's reliance on *Beachem* is misplaced. In that case, the claimant accepted out-of-state employment, but his absence caused emotional and behavioral problems in his 11-year-old son. *Beachem*, 760 A.2d at 71. Upon the claimant's brief return, his child's condition improved, and this precipitated the claimant's decision to quit his out-of-state employment. *Id.* The Board denied the claimant benefits under Section 402(b) of the Law, but this Court reversed based on the "unique" circumstances found by the Board. *Id.* at 72.

The Court distinguished these circumstances from the typical case involving questions of adequate childcare, noting that the claimant's son resided with his grandmother while the claimant was away. *See id.* Rather, the Court focused on the Board's singular finding that the claimant provided "necessary emotional and psychological support" to his son. *Id.* According to the *Beachem* Court, the undisputed evidence established that the claimant "had no choice but to be home to be with his son." *Id.*

6

In contrast, here, the Board's findings demonstrate no singular need for Claimant to care for her daughter. *See* Bd.'s Decision at 1-2. There was no finding that Claimant's absence during regular work hours contributed to her daughter's emotional issues and no finding that Claimant's presence alleviated those issues. *See id.* Instead, the Board found that Claimant quit "so she could drop her daughter off from school and pick her up from school and stay with her." *Id.* at 2. Thus, unlike the *Beachem* claimant, there is no evidence or finding that Claimant's presence was necessary to her child's welfare. Therefore, we decline to relieve Claimant of her burden to demonstrate her reasonable efforts to explore and exhaust alternative childcare arrangements before terminating employment. *See Shaffer*, 928 A.2d at 394; *cf. Beachem*, 760 A.2d at 72.

In this case, the Board found that Claimant "did not seek alternate arrangements for her daughter." Bd.'s Decision, 7/27/23, at 2. Claimant has not disputed this finding, *see* Am. Pet. for Rev., 8/25/23; *see generally* Claimant's Br., nor has she offered any relevant precedent that would relieve her of the burden to demonstrate her efforts to preserve her employment and secure alternate childcare arrangements. *See* Claimant's Br. On this ground alone, we could affirm the Board. *Greenray Indus.*; *Havrilchak*; *Shaffer*; *cf. Beachem*.

Nevertheless, Claimant has argued that Employer's initial accommodation of reduced hours established a "prior practice," which made it unnecessary for her to establish that she had sought alternate childcare arrangements. *See* Am. Pet. for Rev. at 2 (unpaginated); Claimant's Br. at 13. This argument is unpersuasive and further lacks evidentiary support because the Board specifically found that Employer hired Claimant for a full-time position and only "temporarily approved" a part-time schedule. Bd.'s Decision at 1; N.T. Hr'g at 4 (Claimant

7

conceding that arrangement was temporary). Because Claimant knew that Employer's accommodation was temporary, it is reasonable to expect that Claimant should have sought out and secured alternate childcare arrangements when Employer was no longer able to accommodate her part-time schedule.

Further, we agree with the Board that *Havrilchak* presents analogous circumstances. In that case, the claimant took medical leave from full-time employment. *Havrilchak*, 133 A.3d at 802. The employer then granted the claimant extended leave for medical reasons. *Id.* Upon the expiration of this extended leave, when the claimant's doctor had approved her return to work, the claimant requested to return part-time, but the employer had no part-time positions available. *Id.* When the claimant refused to return in a full-time capacity, the employment relationship ended. *Id.*

Upon review, the Board declined to characterize the claimant's separation as a termination. *Id.* at 803. The Board reasoned that the claimant's attempt to unilaterally alter the terms of her unemployment by rejecting the offer of full-time work, "reflected a voluntary quit, not a termination." *Id.* at 804. Further, the *Havrilchak* Court concluded that the claimant had not demonstrated reasonable efforts to maintain her employment. According to the Court, "by refusing [e]mployer's offer of full-time employment, [the c]laimant did not take the steps necessary to remain employed." *Id.* at 805. Thus, her "personal preference" to return part-time did not constitute a necessitous and compelling cause. *Id.*

Similarly, here, Employer granted Claimant a temporary accommodation to address her childcare needs and her husband's passing. However, Claimant's request to return to a part-time schedule fundamentally altered the terms of her employment. Her refusal to accept Employer's offer of full-time employment

8

demonstrates that Claimant failed to exercise reasonable efforts to preserve her employment. *See id.*; *Greenray Indus.*, 135 A.3d at 1151.

## IV. CONCLUSION

Based on our review of the record, Claimant voluntarily left her employment without a necessitous and compelling reason. Section 402(b) of the Law, 43 P.S. § 802(b). In this case, Claimant has pointed to concerns with providing her daughter with adequate childcare as the reason for her separation. However, she has failed to establish unique circumstances that would otherwise relieve her of the general requirement that she demonstrate her reasonable efforts to secure alternative arrangements for her child. *Shaffer*, 928 A.2d at 394; *cf. Beachem*, 760 A.2d at 72. Further, in rejecting Employer's offer of returning to full-time employment, Claimant failed to exercise reasonable efforts to preserve her employment. *Havrilchak*, 133 A.3d at 805.

We discern no legal error in the Board's decision. *See Pierce-Boyce*, 289 A.3d at 135 n.4. Accordingly, we affirm.

_____
**LORI A. DUMAS, Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Porco,                :
           Petitioner       :
                                :    No. 931 C.D. 2023
            v.              :
                                :
Unemployment Compensation    :
Board of Review,                 :
           Respondent     :

## O R D E R

AND NOW, this 9th day of December, 2024, the order of the Unemployment Compensation Board of Review, dated July 27, 2023, is hereby AFFIRMED.

 

                             _____
                             **LORI A. DUMAS, Judge**